PEOPLE v. MIHALKO.

1. Homicide—Opening Statement—Matricide.
   Prosecutor's opening statement to jury at trial on first-degree murder charge that the people would show defendant "killed his own mother" did not result in reversible error where it does not appear to have been made for the ulterior purpose of inflaming the minds of the jury, no objection was raised at the trial nor question raised on defendant's motion for a new trial, although technically the fact that deceased was defendant's mother was not material since matricide is not a greater degree of murder than the murder of a stranger (Act No. 328, § 316, Pub. Acts 1931).

2. Same—First-Degree Murder—Motive—Evidence.
   In prosecution for first-degree murder proof of motive, while not essential, is always relevant, hence numerous references in testimony tending to show that motive prompting assault by defendant upon his mother was robbery by obtaining money secreted in the home did not result in error (Act No. 328, § 316, Pub. Acts 1931).

3. Same—First-Degree Murder—Lesser Offenses—Instructions.
   Failure of court to charge as to lesser offenses included in charge of first-degree murder was not error where defendant's counsel

were apprised of the fact that no request therefor had been made and declined opportunity to make such request afforded by the trial court (Act No. 328, § 316, Pub. Acts 1931).

4. Same—First-Degree Murder—Instructions—Proximate Cause—Pneumonia.

In prosecution for first-degree murder, court's charge that jury might find defendant guilty of such crime or not guilty did not constitute error nor preclude jury from finding defendant guilty of a lesser offense where it appears that eight days elapsed between assault and death and court also charged in effect that in order to find him guilty jury must find death was caused by wounds inflicted by defendant although victim contracted pneumonia while in the hospital as a result of the wounds (Act No. 328, § 316, Pub. Acts 1931).

5. Same—Instructions—Inadvertent Reference to Larceny.

Trial court's inadvertent reference to larceny in outlining people's case in prosecution for first-degree murder did not result in prejudicial error under circumstances disclosed by testimony where it does appear that people claimed that the killing took place in the act of a robbery (Act No. 328, § 316, Pub. Acts 1931).

6. Same—Fair Trial—Great Weight of Evidence—New Trial—Record.

Notwithstanding defendant in prosecution for first-degree murder claimed he was denied a fair trial by reason of trial court's interjections, statements and remarks and by his manner of disposing of jury's requests for further instructions, that verdict was against the great weight of the evidence and that denial of new trial was erroneous, careful consideration of record in such respects failed to disclose error (Act No. 328, § 316, Pub. Acts 1931).

7. Same—Murder—Notice to State Hospital Commission—Jurisdiction—Statutes.

Failure of clerk of trial court to notify State hospital commission of fact that a defendant has been charged with first-degree murder so that such commission might examine his mental condition as required by statute did not constitute a jurisdictional bar to the trial of the case, where intoxication was only claim made that defendant was mentally afflicted and the trial judge's attention was not called to such omission at any time, even on motion for new trial (Act No. 328, § 316, Pub. Acts 1931; Act No. 175, chap. 6, §§ 15a–15d, Pub. Acts 1927, as added by Act No. 259, Pub. Acts 1939)

Appeal from Recorder's Court for the City of Detroit; Stein (Christopher E.), J.  Submitted June 21, 1943.  (Docket No. 101, Calendar No. 42,303.)  Decided September 7, 1943.  Rehearing denied October 15, 1943.

Andrew Mihalko was convicted of murder of the first degree.  Affirmed.

*J. Charles Wood* and *Henry Thumin* (*Meyer Weisenfeld*, of counsel), for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *Wallace A. Temple* and *Henrietta E. Rosenthal,* Assistant Prosecuting Attorneys, for the people.

NORTH, J.  This is an appeal by defendant who, on trial by jury, was convicted of murder in the first degree.  In substance the information charges that defendant on the 8th day of May, 1942, in the city of Detroit did feloniously, wilfully and with malice aforethought assault Anna Mihalko with a dangerous weapon, to-wit a stove poker, and inflicted mortal wounds and injuries upon her from which she died on the 16th day of May, 1942; and the information concludes with a reference to section 316 of the Michigan penal code (Act No. 328, § 316, Pub. Acts 1931 [Comp. Laws Supp. 1940, § 17115–316, Stat. Ann. § 28.548]) which reads:

"All murder which shall be perpetrated by means of poison, or lying in wait, or any other kind of wilful, deliberate and premeditated killing, or which shall be committed in the perpetration, or attempt to perpetrate any arson, rape, robbery or burglary, shall be murder of the first degree, and shall be

punished by solitary confinement at hard labor in the State prison for life."

There is testimony in support of the following facts. Defendant, Andrew Mihalko, is the adult son of Anna Mihalko and John Mihalko. Andrew was a tool and die maker, and for a number of years had lived with his parents in the home which they and defendant had purchased together. The parents had accumulated and kept secreted in the home upwards of $10,000. Defendant claims he had contributed to this fund from his earnings. At the time of the alleged offense this money was in a box locked in a trunk to which the father kept the key. Andrew was addicted to the use of intoxicating liquors; and at times when, because of his being out of employment or for any other reason, he was out of money, he would obtain funds from his mother or by pawning personal property, which he frequently did. He was not at work on May 8, 1942, and was drinking rather heavily. Late that night a neighbor heard a disturbance at the Mihalko home and heard a man's voice saying from the back porch, "Open the door or I will break it in." A little later Mrs. Mihalko from the yard of her home requested neighbors to take her into their home, saying: "My son beat me up, he pretty near choked me." At this time a neighbor woman saw a man in an upstairs bedroom of the Mihalko home. This was defendant's bedroom, but the neighbor's vision was not sufficiently clear to enable her to recognize defendant as the man whom she saw. The police were called and upon entering the Mihalko home, they found defendant in bed, but partially dressed. Defendant claims at the time he was in a drunken stupor and has very little remembrance of what transpired except that the officers ordered him to dress and he was taken

to the police station. However, the officers testified that defendant dressed himself, and while he staggered some, he was able to walk and to talk; that at first he denied beating his mother, but the next morning defendant admitted beating her, saying he did it with the poker because she refused him money; and further that he admitted using the poker to break open the trunk, but did not know what became of the money which had been removed from the box in which it was kept. Six days after the alleged offense, a 14-year-old boy found the money behind a loose piece of tin which was nailed to the outside of a barn or garage near the Mihalko home.

There is no merit to appellant's assertion that prejudicial error resulted from the prosecuting attorney's statement in his opening to the jury that the people would show defendant "killed his own mother." Technically it may be said, as appellant asserts: "The fact that the deceased was the mother of the defendant was not material to the case; it is not a greater degree of murder when the murdered person is a parent of the defendant or a stranger." But it is quite inconceivable that a prosecution of this character could have been conducted without the jury being informed of the relationship of the deceased and the accused. There is no showing that the reference to the relationship was made for the ulterior purpose "to inflame the minds of the jury." No objection to the statement was made at the time of the trial, nor was this question raised in defendant's motion for a new trial.

In our judgment error did not result from numerous references in the testimony tending to show that the motive which prompted the assault was robbery by obtaining the money secreted in the Mihalko home. Testimony touching this phase of the case was material under the information filed which made

reference to the statute hereinbefore quoted. Beginning with the prosecutor's opening statement it was clearly evident throughout the trial that the people contended the motive which prompted the alleged assault was robbery. In a prosecution for murder proof of motive, while not essential, is always relevant. *People* v. *Kuhn,* 232 Mich. 310.

Appellant also urges that the trial court committed error in failing to instruct the jury as to lesser crimes included in the offense charged. This contention is not tenable because it appears from the record that during the course of his instructions to the jury the trial court paused and inquired of counsel whether they requested "that the lesser degrees be charged;" and apparently directing the inquiry to defendant's counsel, the court said: "You do not desire to request on the others, either the first degree or the others?" and to this inquiry defendant's counsel responded, "No, your Honor." Thereupon at their suggestion defendant's counsel were given an opportunity to confer, the court having reminded them that they had made no request to charge as to the lesser offenses. Notwithstanding the foregoing, it does not appear from the record defendant's counsel requested, orally or otherwise, that the court charge as to the lesser offenses. Under such circumstances the trial court was not in error in not including in his charge to the jury instructions as to lesser offenses included in a charge of first-degree murder.

A further contention of appellant is that the court erred in charging the jury as follows:

"If you find for the State, members of the jury, your verdict would be: We, the jury, find the respondent, or defendant, guilty of murder in the first degree. On the other hand, if you find that the State has failed to prove the respondent guilty beyond a

reasonable doubt to the satisfaction of each and every one of you members of the jury, your verdict would be: We, the jury, find the defendant not guilty.''

Appellant asserts that by the foregoing instruction "the court, in effect, charged the jury that they must find the defendant guilty of first-degree murder or not guilty;" and that in so doing the court foreclosed the possiblity that the jury might have found Mrs. Mihalko's death resulted from some other cause than the alleged assault, for example, pneumonia which she contracted after she was taken to the hospital the night of the assault. Except for this alleged error, appellant asserts he might have been found guilty of a lesser offense included in the crime charged. On this phase of the case the court charged the jury:

"I may say, further, that the defendant claims that the deceased may not have died of these wounds which were inflicted upon her at the time of the assault. Now, you have heard the doctor's testimony regarding the nature of the wounds and the result of those wounds; that she expired by reason of those wounds; although she contracted pneumonia while in the hospital as a result of those wounds; and the Court will charge you, members of the jury, that if a wound or other injury caused pneumonia, or the like, from which deceased died, he who inflicted the wound or injury is responsible for her death, providing the State proves that he did cause and inflict those wounds upon the deceased person.''

If appellant desired in this particular a more specific charge, a request should have been timely submitted. Since no request was made, appellant cannot now be heard to complain. *People* v. *Manchester,* 235 Mich. 594. The portion of the charge first above quoted is not subject to the strained construc-

tion appellant seeks to place upon it; nor was it erroneous.

Nor do we think any prejudice resulted to appellant because the court in outlining to the jury the people's case, inadvertently stated it was claimed "this killing took place in the act of a robbery or *larceny*," notwithstanding larceny is not included in the words of the statute hereinbefore quoted. It is quite inconceivable that this inadvertent reference to "larceny" in any way affected the outcome of this case under the circumstances disclosed by the testimony. The erroneous reference was not prejudicial.

Appellant further urges that he was deprived of a fair trial by certain "interjections, statements and remarks" made by the trial judge, and by the manner in which the trial judge disposed of the jury's requests for further instructions; and appellant also urges that the verdict was against the great weight of the evidence, and that denial of his motion for a new trial was error. Careful consideration of the record on this appeal brings the conclusion that in none of these respects was there error.

Another question raised on this appeal is whether reversible error resulted from the failure to comply with Act No. 175, chap. 6, §§ 15a–15d, Pub. Acts 1927, as added by Act No. 259, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 17207-1, Stat. Ann. 1942 Cum. Supp. § 28.933[1]). By the cited statute it is provided in effect that when a person charged with the crime of murder has been bound over for trial and the return is filed with the clerk of the trial court, "the clerk shall forthwith notify the State hospital commission of that fact and such commission as soon as possible thereafter, shall cause such person to be examined (by three psychiatrists) for the purpose of determining his mental condition and the existence of any mental disease or defect which

would affect his criminal responsibility." We are not in accord with appellant's contention as to the result of failure to comply with this statutory provision, which contention is stated in his brief as follows:

"In view of this statute, appellant contends that the legislature created a jurisdictional bar to the trial of the case, and that until the defendant was examined as to his mental condition, the court had no jurisdiction to proceed with the trial of the cause."

In the instant case, aside from appellant's claim of intoxication at the time the offense was committed, no claim has been made at any time that defendant was mentally afflicted in any manner "which would affect his criminal responsibility." Nor was the trial judge's attention called to the failure of the clerk of the court to comply with the quoted statute at any time, not even in appellant's motion for a new trial. Under such circumstances, notwithstanding the statutory provision may be considered mandatory as to the duty of the clerk of the court, failure to comply with the statute is not jurisdictional.

Other phases of this appeal have been considered but found to be without merit. The conviction and sentence of the trial court are affirmed.

BOYLES, C. J., and CHANDLER, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.