PEOPLE v TEAGUE

Docket No. 64806. Decided September 1, 1981. On application by the defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the defendant's conviction and remanded the case for a new trial.

Mary Teague was convicted by a jury in Oakland Circuit Court, Alice L. Gilbert, J., of voluntary manslaughter for stabbing her former husband to death. The defendant claimed the killing was in self-defense, and she testified that her relationship with her former husband had been characterized by many acts of violence by him against her. The defendant denied that she had ever tried to kill her husband or use a weapon against him, and testified that she did not recall an event in 1965 when she found him in the company of another woman. Over objection, the prosecutor called as a rebuttal witness a police officer who testified that in 1965, more than ten years before the killing, the defendant told him that she had found her husband with another woman and had stabbed him, and that the officer had found that the husband had three stab wounds. The trial court decided that the police officer's testimony was admissible to impeach the defendant's denial that she had ever used a weapon against her husband. The Court of Appeals, Cynar, P.J., and MacKenzie and Corkin, JJ., affirmed in an unpublished per curiam opinion on the ground that past acts of violence toward the husband were admissible, and that the statement was admissible both because it was material to the question of intent· and because it tended to impeach the defendant's direct testimony (Docket No. 78-5334). Defendant applies for leave to appeal.

In a per curiam opinion by Justices Kavanagh, Levin, Fitzgerald, Ryan, and Moody, the Supreme Court held:

The evidence was not admissible, either as substantive evidence of intent and motive or as impeachment of the defendant's testimony.

1. The evidence of an assault on the decedent under dissimilar circumstances more than ten years earlier was too remote to be relevant to her motive or intent in this case.

2. The testimony was not admissible as impeachment because

it was extrinsic evidence offered to impeach the defendant on a collateral matter. The testimony was collateral because it was neither relevant to the substantive issues in the case, nor independently provable by extrinsic evidence, apart from the contradiction, to impeach or disqualify the witness.

Reversed and remanded for new trial.

Chief Justice Coleman and Justice Williams, dissenting, would affirm for the reasons stated by the Court of Appeals.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Michael J. Modelski,* Assistant Prosecuting Attorney, for the people.

*Milton R. Henry* for defendant.

PER CURIAM. The defendant was convicted of manslaughter in the death by stabbing of her former husband, and the Court of Appeals affirmed. In her application to this Court, the defendant raises several questions. We reach only one, and conclude that evidence of a prior assault by the defendant on the deceased was improperly admitted in rebuttal. We reverse the defendant's conviction and remand the case to the circuit court for a new trial.

## I

The defendant stabbed[1] her former husband in the kitchen of a restaurant that she operated, and he died a short time later. There were no other witnesses to the actual stabbing, but the defendant and the deceased had been overheard arguing.

During the prosecutor's case in chief, three of

---

[1] The defendant testified and denied remembering having stabbed the deceased. However, that she did so was never seriously contested at trial.

the deceased's relatives testified that the defendant had often threatened and had occasionally attacked the deceased.

The defendant testified that her relationship with the deceased had been characterized by many acts of violence by him against her. She said that on the night in question, she told him to leave the restaurant, but he would not do so. He was intoxicated and was swearing at her. She testified that he threatened to kill her if she called the police, and when she began to dial the telephone, he began choking her and striking her head against the wall. She struggled, attempting to free herself. She did not recall having a knife in her hand or stabbing him during the struggle. The deceased released her and left the restaurant.

The defendant denied ever having tried to kill her husband. On cross-examination she denied having used a weapon during episodes about which she had testified, and said that she did not recall an event in December 1965 at the home of her husband's sister when she found him in the company of another woman.

Over objection, the prosecutor called a police officer as a rebuttal witness. The officer testified that in December 1965 he had been assigned to investigate an attempted murder. The defendant had told him that she had found her husband with another woman and had stabbed him. The officer met with her husband and found that he had three stab wounds.

## II

The testimony of the officer was first taken outside of the presence of the jury as an offer of

proof. The trial judge initially said that she would allow the rebuttal witness to testify, "for the purpose of rebutting the statement made by the defendant in that she never harmed Robert Teague". There was extensive argument, and the court reporter read back portions of the defendant's testimony to counsel. The trial judge thereafter modified her ruling:

> "*The Court:* Look, I made my ruling. You asked to see it. And I told you the basis for my ruling that she did state she didn't use any weapon against Robert Teague."

The Court of Appeals recognized the general rule that extrinsic evidence may not be used for impeachment when it relates to a collateral matter. However, in this case it found that evidence of past acts of violence by the defendant toward the deceased were admissible, and that it followed that her statement to the officer was admissible both because it was material to the question of motive and intent and because it tended to impeach her direct testimony.

## III

We conclude that the evidence was not admissible, either as substantive evidence of intent and motive or as impeachment of the defendant's testimony. There are cases in which evidence of a defendant's prior threats to or attacks on another are relevant to prove the defendant's motive or intent. However, in this case the evidence of an assault on the decedent under dissimilar circumstances more than ten years earlier was too remote to be relevant.

IV

Officer Johnson's challenged testimony was not admissible as impeachment because it was extrinsic evidence offered to impeach the defendant's veracity on a collateral matter.

We have long adhered to the familiar rule that a witness may not be impeached by producing extrinsic evidence of collateral facts. *People v Culver,* 280 Mich 223; 273 NW 455 (1937); *People v Williams,* 159 Mich 518; 124 NW 555 (1910).

Officer Johnson's testimony that in 1965, more than 10 years before the incident involved in this case, the defendant stated that she had stabbed her husband after discovering him with another woman was collateral because it was neither "relevant to the substantive issues in the case" nor "independently provable by extrinsic evidence, apart from the contradiction, to impeach or disqualify the witness". See McCormick on Evidence (2d ed), § 47, p 99; § 36, pp 70-71. As explained above, the remoteness of the incident negates its relevance, and the testimony does not, absent the defendant's denial, bear on her veracity.

In view of the disposition of this issue, we find it unnecessary to reach the other errors claimed by the defendant.

Accordingly, in lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the defendant's conviction and remand to the circuit court for a new trial.

KAVANAGH, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

COLEMAN, C.J., and WILLIAMS, J. We would affirm for reasons stated by the Court of Appeals.