## PEOPLE v HEDELSKY

Docket No. 89842. Submitted June 18, 1987, at Detroit. Decided August 18, 1987.

James Hedelsky was convicted of voluntary manslaughter, assault with intent to do great bodily harm less than murder, and possession of a firearm during the commission of a felony following a jury trial in Wayne Circuit Court and was sentenced, Robert J. Columbo, Jr., J. Defendant appealed.

The Court of Appeals held:

1. The prosecuting attorney properly was allowed to rebut on cross-examination defendant's testimony that he, defendant, carried a knife as a tool and not as a weapon.

2. The prosecuting attorney properly was allowed to argue from the facts and evidence that defendant was lying about an alleged loss of memory.

3. The prosecuting attorney's comments during the cross-examination to the effect that defendant's injuries resulting from the altercation were not serious enough to cause his death, whereas the deceased was not so fortunate, did not constitute error requiring reversal because the comments did not infect the trial with unfairness such as to make the resulting conviction a denial of due process.

4. Defendant's attack on the prosecutor's remarks during closing argument and rebuttal, claiming that they were an improper appeal to the jury's sympathy, is without merit.

5. The prosecutor did not argue facts not of record.

6. Defendant was not denied effective assistance of counsel.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — REBUTTAL.

A prosecuting attorney on cross-examination properly may rebut a defendant's testimony as to his own peaceful nature.

REFERENCES

Am Jur 2d, Criminal Law §§ 646 et seq.; 749, 752, 753, 782, 836 et seq.; 984 et seq.

Modern status of rules and standards in state courts as to adequacy of defense counsel's representation of criminal client. 2 ALR4th 27.

See also the annotations in the Index to Annotations under Attorney or Assistance of Attorney.

2. CRIMINAL LAW — EVIDENCE — PROSECUTORIAL COMMENT.

A prosecuting attorney, while he may not argue in such a manner as to shift the burden upon the defendant to explain something, may comment on the evidence and draw reasonable inferences therefrom.

3. CRIMINAL LAW — EVIDENCE — PROSECUTORIAL COMMENT.

A prosecuting attorney's comments during cross-examination of a defendant do not require reversal of the defendant's conviction where the comments do not infect the trial with unfairness such as to make the resulting conviction a denial of due process.

4. CRIMINAL LAW — EVIDENCE — PROSECUTORIAL COMMENT.

A prosecuting attorney's closing argument should be considered in its entirety to determine if any of the comments are improper.

5. CRIMINAL LAW — FAIR TRIAL.

A defendant is entitled to a fair trial, not a perfect one.

6. CRIMINAL LAW — APPEAL — ASSISTANCE OF COUNSEL.

A motion for a new trial or an evidentiary hearing is generally a prerequisite to appellate review of a claim of ineffective assistance of counsel; however, the absence of such a motion is not fatal to appellate review where the details relating to the alleged deficiencies of the defendant's trial counsel are sufficiently contained in the record to permit the Court of Appeals to reach and decide the issue.

7. CRIMINAL LAW — APPEAL — TRIAL STRATEGY.

It is inappropriate for the Court of Appeals to substitute its own judgment for that of defense counsel in matters of trial strategy.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Olga Agnello-Raspa,* Assistant Prosecuting Attorney, for the people.

*Norman R. Robiner,* for defendant on appeal.

Before: Hood, P.J., and Weaver and M. War-
shawsky,* JJ.

Per Curiam. During an argument with another
patron of a Wayne County bar on or about July 2,
1986, defendant fired a shot which struck and
killed a bystander. A jury convicted defendant of
voluntary manslaughter, MCL 750.321; MSA
28.553, assault with intent to do great bodily harm
less than murder, MCL 750.84; MSA 28.279, and
possession of a firearm during the commission of a
felony, MCL 750.227b; MSA 28.424(2). He was
sentenced to five to fifteen years for the man-
slaughter conviction, five to ten years for the
assault conviction, and two years for the felony-
firearm conviction. Defendant appeals as of right.

I

On appeal, defendant asserts that he was denied
a fair trial due to acts of prosecutorial misconduct.
As to several of these instances, defense counsel
failed to object at trial. Therefore the issues are
not preserved for review unless defendant can
show that (1) the prejudicial effect of the alleged
misconduct was so great that even a cautionary
jury instruction would not have overcome it and
(2) failure to consider the issue would result in a
miscarriage of justice. *People v Jancar,* 140 Mich
App 222, 233; 363 NW2d 455 (1985). Defendant has
shown neither. However, since part of defendant's
argument of ineffective assistance of counsel is
premised on the issue of prosecutorial misconduct,
we will address it.

Several of defendant's subarguments as to prose-
cutorial misconduct challenge the prosecutor's
comments during rebuttal and cross-examination

* Circuit judge, sitting on the Court of Appeals by assignment.

of defendant. We find all of these arguments unconvincing. First, where defendant put into evidence testimony of his peaceful nature and stated that he carried a knife as a tool and not as a weapon, on cross-examination the prosecutor was allowed to rebut this testimony. *People v Bouchee,* 400 Mich 253, 266-267; 253 NW2d 626 (1977). *People v Smith,* 80 Mich App 106, 117; 263 NW2d 306 (1977), lv den 406 Mich 920 (1979).

Second, although a prosecutor may not argue in such a manner as to shift the burden onto the defendant to explain something, *People v Nabers,* 103 Mich App 354, 369; 303 NW2d 205 (1981), rev'd on other grounds 411 Mich 1046 (1981), the prosecutor may comment on the evidence and draw reasonable inferences therefrom. *Jancar, supra* at 233. Hence the prosecutor was allowed to argue from the facts and evidence that defendant was lying about his alleged memory loss. *People v Jansson,* 116 Mich App 674, 693; 323 NW2d 508 (1982).

Third, the prosecutor's comments during cross-examination to the effect that defendant's injuries resulting from the altercation were not serious enough to cause his death, whereas the deceased was not so fortunate, may have been undesirable but did not constitute error requiring reversal because they did not infect the trial with unfairness such as to make the resulting conviction a denial of due process. *Darden v Wainwright,* 477 US —; 106 S Ct 2464, 2472; 91 L Ed 2d 144, 157 (1986), reh den 107 S Ct 24 (1986).

Equally without merit is defendant's attack on the prosecutor's remarks during closing argument and rebuttal, that there should be "some meaning to his death" and "a sense of justice after he had died," as an improper appeal to the jury's sympathy. While it is true that arguments which are

little more than an appeal to the jury's sympathy for the victim are improper, *People v Wise,* 134 Mich App 82, 104; 351 NW2d 255 (1984), lv den 422 Mich 852 (1985), defendant mischaracterizes the remarks by taking them out of context. A prosecutor's closing argument should be considered in its entirety. *People v Cowell,* 44 Mich App 623, 627; 205 NW2d 600 (1973). The entire closing argument in this case shows that the prosecutor asked the jury to examine all of the evidence and, if the evidence indicated defendant's guilt beyond a reasonable doubt, a guilty verdict would provide a sense of justice for the tragic death of an innocent bystander.

Nor are we persuaded by defendant's assertion that the prosecutor allegedly argued facts not of record. From the facts adduced at trial it was reasonable for the prosecutor to argue that defendant had two guns and was not acting in self-defense. But even assuming the prosecutor's comments to be error, the error was harmless beyond a reasonable doubt. This is because the alleged error was not so offensive to the maintenance of a sound judicial process that it could never be regarded as harmless and because the evidence against defendant was so overwhelming that no juror would have voted for acquittal. *People v Christensen,* 64 Mich App 23, 32-33; 235 NW2d 50 (1975). Defendant was entitled to a fair trial, not a perfect one. *Delaware v Van Arsdall,* 475 US —; 106 S Ct 1431, 1436; 89 L Ed 2d 674, 684 (1986).

II

Defendant's next contention is that he was denied the effective assistance of counsel because his counsel failed to present a defense of diminished capacity.

Defendant should have raised the issue of ineffective assistance of counsel by moving in the trial court for a new trial or an evidentiary hearing. *People v Ginther,* 390 Mich 436, 443; 212 NW2d 922 (1973). Failure to so move usually forecloses appellate review. *People v Lawson,* 124 Mich App 371, 373; 335 NW2d 43 (1983). However, review may be granted where the appellate record contains sufficient detail to support defendant's position; if so, review is limited to the record. *People v Kenneth Johnson,* 144 Mich App 125, 129-130; 373 NW2d 263 (1985), lv den 424 Mich 854 (1985).

The record does not support defendant's contentions. More than hindsight is needed to attack a criminal defendant's assistance of counsel at trial. The decision to argue self-defense instead of diminished capacity falls in the category of trial strategy. It is inappropriate for this Court to substitute its own judgment for that of defense counsel in such matters. *People v Lotter,* 103 Mich App 386, 390; 302 NW2d 879 (1981), lv den 412 Mich 852 (1981).

Trial counsel met the requirements of *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), reh den 399 Mich 1041 (1977). He conscientiously attempted to protect the accused's interests, performing at least as well as a lawyer with ordinary training and skill in the criminal law. Having so performed, he did not make such a serious mistake that, otherwise, the accused might reasonably have been acquitted. *Id.* at 264. Having met the *Garcia* standard, counsel also met the less stringent test of *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984), reh den 467 US 1267; 104 S Ct 3562; 82 L Ed 2d 864 (1984). Therefore defendant was not denied the effective assistance of counsel.

Affirmed.