## PEOPLE v MISCHLEY

Docket No. 92712. Submitted May 5, 1987, at Grand Rapids. Decided November 16, 1987. Leave to appeal applied for.

Brian. T. Mischley was convicted following a jury trial in the Isabella Circuit Court of interfering with a police officer. The trial court, Paul F. O'Connell, J., sentenced defendant to eighteen months probation, a $75 fine and costs of $450. Defendant appealed.

The Court of Appeals *held:*

1. The trial court did not err in denying defendant's motion to suppress a police officer's identification testimony. The defense had failed to object to the identification at each of the pretrial conferences and the issue was properly deemed to be waived. The trial court properly exercised its discretion governing the conduct of the trial.

2. The prosecutor's argument containing a biblical quotation was appropriate. It was properly used as an illustration, did not misstate the facts or the law, and was not used in any prejudicial manner to inflame the passions of the jury.

Affirmed.

CYNAR, P.J., dissented. While he is not completely convinced that the passions or fears of the jury were inflamed because of the biblical quotation, he believes that it was inappropriate to argue guilt because the Bible said so. He would reverse.

1. CRIMINAL LAW — IDENTIFICATION TESTIMONY — WAIVER.

A trial court does not abuse its discretion in denying a defendant's motion to suppress identification testimony after such testimony was presented to the jury where defense counsel had known since the preliminary examination that an issue could be raised regarding such identification but failed timely to object to such testimony at the pretrial conferences or prior to its introduction at trial.

REFERENCES

Am Jur 2d, Trial §§ 162, 164-166, 280, 281, 283.

Counsel's appeal in criminal case to racial, national, or religious prejudice as ground for mistrial, new trial, or reversal. 45 ALR2d 303.

2. CRIMINAL LAW — PROSECUTORIAL COMMENT — RELIGION.

> A prosecutor may not appeal to a jury's religious duties in calling
> for a conviction; however, the argument of the prosecutor
> should not be so restricted as to prevent reference, by way of
> illustration, to principles of divine law or biblical teachings.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph T. Barberi,* Prosecuting Attorney, and *J. Ronald Kaplansky,* Assistant Attorney General, for the people.

State Appellate Defender (by *Richard B. Ginsberg*), for defendant on appeal.

Before: CYNAR, P.J., and SAWYER and J. S. THORBURN,* JJ.

PER CURIAM. Defendant was convicted by a jury of interfering with a police officer. MCL 750.479; MSA 28.747. On March 7, 1986, a sentence of eighteen months probation, a $75 fine and costs of $450 were imposed and defendant appeals as of right.

A summary pertaining to the two issues raised is briefly stated. Following a college football game, a street party was being held on September 23, 1984, in Mount Pleasant. More than five hundred people were estimated to be present. When police arrived to disperse the crowd, some people threw objects at the police. Defendant was arrested and charged with the crime of resisting and obstructing an officer in the discharge of his duties.

At the preliminary examination on October 9, 1984, Officer LaLone identified defendant as the person he observed throwing a bottle. During cross-examination at the preliminary examination, it was brought out that Officer LaLone reviewed a photograph of the defendant immediately before

* Circuit judge, sitting on the Court of Appeals by assignment.

coming into the courtroom. Further, LaLone was advised in advance that he would be asked to identify defendant from the gallery.

Pretrial conferences were held on October 19, 1984, June 6, 1985, and October 1, 1985. No pretrial motions were filed raising identification as an issue or seeking to suppress evidence.

The trial took place on January 21, 22, and 23, 1986. Six witnesses were called by the prosecutor before Officer LaLone testified. The testimony indicated that the police officers had specific orders to look for, identify and apprehend people who were throwing objects. According to a plan, an officer who saw a person throw an object would run in the direction of the person who threw the object and the other officers would follow. Officer LaLone was the seventh and last witness called for the prosecution. He testified to seeing a person that night who later became known to him as the defendant. He first saw defendant when an object was thrown. He ran toward defendant, defendant ran as he approached him and a chase followed. LaLone fell momentarily, lost contact, got up, noticed Mischley was still running and apprehended him. Several other officers were present or appeared a moment later at the point of apprehension.

During cross-examination of Officer LaLone, in response to a question asked, the witness stated that he looked at a picture of the defendant before the preliminary examination. Defense counsel objected to LaLone's identification of defendant as being tainted and, therefore, subject to suppression. The trial court noted the defense had such knowledge since October 9, 1984. The court found that each pretrial order stated that matters not raised were waived. In denying the motion to suppress, the court ruled there was no point in

holding an evidentiary hearing to see if the officer had an independent basis for his identification of defendant because that should have been done before his testimony was given and not, as here, after that testimony was before the jury.

On appeal, defendant claims the trial court erred in denying the defense motion to suppress Officer LaLone's identification testimony. We do not agree.

The identification issue was not raised during the preliminary examination held on October 9, 1984. Nor at the pretrial conference. Nor prior to commencement of trial on January 21, 1986. The issue was raised approaching the completion of the prosecutor's proofs during cross-examination of Officer LaLone.

The issue central to the proof of guilt was whether the defendant was the person the officer saw throw a beer bottle. Defendant denied the commission of the act in question. According to the record, the police officers had specific orders to apprehend people throwing objects. Officer LaLone saw an object being thrown by a person, ran toward that person and other officers followed. LaLone lost sight of the person who threw the object momentarily during the chase, but he eventually apprehended and arrested him. Other officers arrived a brief moment after apprehension.

The trial court found that in each of the pretrial conferences the parties were required to raise by motion matters such as the question of identification or to consider the issue waived. At trial the parties agreed to conduct a hearing pursuant to *People v Kachar,* 400 Mich 78; 252 NW2d 807 (1977), during jury deliberations. The court agreed to a hearing to determine whether the witness had an independent basis for identification.

The trial court subsequently determined that

such a hearing was precluded by *People v Anderson,* 389 Mich 155; 205 NW2d 461 (1973), because it should have been conducted prior to the introduction of the allegedly tainted testimony. The trial court properly exercised its discretion governing the conduct of the trial. *People v Holmes,* 132 Mich App 730, 741; 349 NW2d 230 (1984). We note that in *Anderson* the issue was raised by "[t]imely and continuous objections by defendant's counsel to the victim's in-court identification . . . at the preliminary examination, pretrial motions and by oral trial objections." *Anderson,* p 165. The trial court found these requirements were lacking in this case. We find no abuse of discretion.

The second issue involves alleged prosecutorial misconduct. Prior to closing arguments, defense counsel made a motion in limine to preclude the prosecutor from making reference to the Bible in his closing argument, noting that there was a pastor sitting on the jury. The reference he expected the prosecutor to make was that the Bible says if you run, you are guilty. The motion was denied.

Several times during his closing argument the prosecutor quoted Proverbs, chapter 28, verse 1: "The wicked flee when no man pursueth." The prosecutor interpreted the quote for the jury, "Even if you don't think anybody is running after you, when you commit a crime, do something wrong, you run away." The prosecutor also commented, "He runs away to hide because he knows he's done something wrong," contending that is how the phrase got into the Book of Proverbs.

The art of advocacy is the art of persuasion. It is counsel's duty to use all legitimate means to convince the jury or the court that a finding for his client will be in accord with justice. *Elliott v A J Smith Contracting Co,* 358 Mich 398, 418; 100

NW2d 257 (1960). In closing argument, emotional language is an important weapon in counsel's forensic arsenal limited by the principle that a lawyer cannot comment upon evidence which has not been introduced. *State v Gonzales,* 105 Ariz 434, 437; 466 P2d 388 (1970). Nor may the prosecutor appeal to a jury's religious duties in calling for conviction. *People v Rohn,* 98 Mich App 593; 296 NW2d 315 (1980).

Criminal trials are adversary proceedings, not social affairs. The argument of counsel should not be so restricted as to prevent reference, by way of illustration, to principles of divine law or biblical teachings. *Paramore v State,* 229 So 2d 855 (Fla, 1969). The prosecution's argument, when taken in context, shows that the biblical quotation was properly used as an illustration. The quoted passage did not misstate the facts or the law. The reference was not used in any prejudicial manner to inflame the passions of the jury. The prosecutor's use of the identical quotation was affirmed by our sister state of Indiana. See *Vaughan v State,* 470 NE2d 374, 379 (Ind App, 1984). We find that the prosecutor's argument was appropriate.

Affirmed.

CYNAR, P.J. *(dissenting).* I respectfully dissent. The disposition of the second issue is difficult because the impact a Bible quotation may have had on the jurors in this case cannot be ascertained. In *People v Rohn,* 98 Mich App 593, 597-598; 296 NW2d 315 (1980), lv den 410 Mich 876 (1980), this Court concluded that error requiring reversal occurred in closing argument when the prosecutor appealed to the jury's religious duties in calling for defendant's convictions. Similarly, *People v Sutherland,* 149 Mich App 161; 385 NW2d 637 (1985), disapproved of the prosecutor's

mention of the Ten Commandments during closing arguments.

In this case the defendant denied he was running from the police. The jury may have considered the only reason defendant was running from the area was because he had done something wrong. I am not completely convinced that the jury's passions or fears were inflamed. However, my greatest concern is whether the biblical quotation may have influenced the jury. Even in this world of changing values, the Bible has enormous persuasive power in our society. It was appropriate to argue the facts and reasonable inferences to be drawn from the facts in this case. It was inappropriate, in this case, to argue guilt because the Bible said so. Defendant's conviction should be reversed and a new trial ordered.