PEOPLE v WILLIAMS

Docket No. 103067. Submitted January 18, 1989, at Detroit. Decided
August 7, 1989. Leave to appeal applied for.

Ralph Williams was convicted of first-degree felony murder fol-
lowing a jury trial in Detroit Recorder's Court and was sen-
tenced to a mandatory term of life imprisonment, Warfield
Moore, Jr., J. Defendant appealed.

The Court of Appeals *held:*

1. The prosecutor overstepped permissible bounds and in-
jected error requiring reversal into the trial by making an
improper civic duty argument to the jury during rebuttal
closing argument. The prosecutor's statement to the effect that
evil would triumph if the jurors did not convict defendant
because he was guilty was highly prejudicial and cannot be
considered harmless. A new trial is warranted.

2. The trial court erred in permitting the jurors to take into
the jury room a copy of the preliminary examination transcript
of the victim which was read at trial but was not introduced
into evidence. The error was harmless, however, because the
transcript furnished to the jurors contained only material
which had been read to them during trial. In the event defen-
dant is retried, the court should not allow a copy of the
preliminary examination transcript into the jury room if it has
not been introduced into evidence.

Reversed and remanded.

DOCTOROFF, J., dissented. He would hold that the prosecutor's
remarks were not improper. He does not believe that the
prosecutor's closing argument, read in its entirety, denied
defendant a fair and impartial trial. He would affirm.

1. PROSECUTING ATTORNEYS — CIVIC DUTY ARGUMENTS — CRIMINAL
LAW.

Civic duty arguments by prosecutors are generally condemned

REFERENCES

Am Jur 2d, Appeal and Error §§ 624-627, 670, 783 *et seq.*; Trial
§§ 218 *et seq.*, 289.

See the Index to Annotations under Appeal and Error; Arguments
of Counsel.

because they inject issues into the trial that are broader than a defendant's guilt or innocence of the charges and because they encourage jurors to suspend their own powers of judgment.

2. CRIMINAL LAW — PROSECUTORIAL COMMENT.

A prosecutor's otherwise improper closing argument may be condoned if made in response to an equally, or more, improper argument made by defense counsel.

3. PROSECUTING ATTORNEYS — CLOSING ARGUMENTS — APPEAL — PRESERVING QUESTION.

The issue whether a defendant was denied a fair trial by the prosecutor's improper closing arguments was preserved for appeal by defense counsel's request for a mistrial on the basis of the prosecutor's improper arguments where the request was made while counsel and the trial judge were discussing jury instructions and the evidence of the defendant's guilt was not overwhelming.

4. CRIMINAL LAW — ERROR — HARMLESS ERROR — APPEAL.

Two inquiries are pertinent as to whether an error is harmless: first, is the error so offensive to the maintenance of a sound judicial process that the error can never be regarded as harmless and, second, if not so basic an error, can the reviewing court declare a belief that the error was harmless beyond a reasonable doubt; the purpose of the first inquiry is to deter prosecutorial and police misconduct, while the purpose of the second inquiry is to safeguard the decisional process.

5. CRIMINAL LAW — ERROR — APPEAL.

An error can be intolerably offensive to the judicial system if it was deliberately injected into the proceedings by the prosecution, if it deprived the defendant of a fundamental element of the adversarial process, or if it was particularly persuasive or inflammatory.

6. CRIMINAL LAW — APPEAL — PROSECUTING ATTORNEYS — CIVIC DUTY ARGUMENTS.

A prosecutor's statement to the jury during rebuttal closing argument that evil would triumph if the jurors did not convict the defendant because he was guilty was a highly prejudicial, improper civic duty argument entitling the defendant to reversal of his conviction.

7. CRIMINAL LAW — EVIDENCE — JURY — DOCUMENTS NOT IN EVIDENCE.

The submission to the jury of documents not introduced into

evidence constitutes error which may require reversal of the defendant's conviction if the error resulted in substantial injury to the defendant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: McDONALD, P.J., and DOCTOROFF and NEFF, JJ.

NEFF, J. Following a jury trial, defendant was convicted of first-degree felony murder, MCL 750.316; MSA 28.548. Defendant was sentenced to a mandatory term of life imprisonment. Defendant now appeals as of right and we reverse.

Defendant argues that he was denied a fair trial due to prosecutorial misconduct. During rebuttal closing argument, the prosecutor stated:

I would like to leave you with one thought. A long time ago, some time in Colonial times there was a guy named Edmond [sic] Burke. He was a statesman and a philospher [sic] and he wrote all kinds of stuff. And he wrote something back then that really had nothing to do with the jury system, but it's very applicable to juries.

What he said is this. All that is necessary for the triumph of evil is for good men to do nothing. All that is necessary for the triumph of evil is for good men to do nothing.

Ladies and gentlemen, I would suggest to you that is very appropriate to what a jury is supposed to do. A jury is supposed to do something. If you do nothing, if you don't stick with your oath as

jurors, then evil will triumph in this case because the evidence shows that man is guilty.

Don't let evil triumph in this case by doing nothing. If you do something, if you apply the evidence as presented to you to the law in this case, evil will not triumph because you will find that the defendant is guilty as he is charged.

And I will ask you, based on the evidence in this case, to retire to the jury room and do exactly that. Find the defendant guilty of first degree felony murder.

This argument was clearly an improper civic duty argument. *People v Wise,* 134 Mich App 82, 102; 351 NW2d 255 (1984), lv den 422 Mich 852 (1985). Civic duty arguments are generally condemned because they inject issues into the trial that are broader than a defendant's guilt or innocence of the charges and because they encourage jurors to suspend their own powers of judgment. *People v Wright (On Remand),* 99 Mich App 801, 809; 298 NW2d 857 (1980), lv den 410 Mich 854 (1980); *People v Biondo,* 76 Mich App 155, 158; 256 NW2d 60 (1977), lv den 402 Mich 835 (1977).

On appeal, the prosecution claims that its argument at trial was responsive to defense counsel's closing argument. For this Court to condone an improper argument made by the prosecutor, the argument must be made in response to an equally, or more, improper argument made by defense counsel. *Wise, supra,* p 103. Our review of defense counsel's closing argument fails to reveal any impropriety.

The prosecution also argues that defendant did not contemporaneously object to the prosecutor's argument or request a curative instruction. We note, however, that defense counsel requested a mistrial on the basis of the prosecutor's improper argument following closing arguments, while coun-

sel and the trial judge were discussing jury instructions.

In *People v Swartz,* 171 Mich App 364; 429 NW2d 905 (1988), this Court found that an improper civic duty argument by the prosecutor amounted to harmless error. In *Swartz,* p 373, this Court stated:

> [I]n *People v Eaton,* 114 Mich App 330, 335; 319 NW2d 344 (1982), lv den 417 Mich 929 (1983), this Court held that, where a defendant failed to raise a timely objection and there was overwhelming evidence of defendant's guilt, it would not conclude that the prosecutor's improper "civic duty" argument deprived defendant of a fair trial. See also *People v Lawless,* 136 Mich App 628, 634; 357 NW2d 724 (1984), lv den 422 Mich 881 (1985). Accordingly, we do not find . . . grounds for reversal because defendant failed to timely object, and there was considerable evidence of defendant's guilt.

In this case, unlike in *Swartz,* defendant properly preserved this issue for appeal by a mistrial motion following the prosecutor's closing arguments. Moreover, while the evidence of defendant's guilt may have been considerable, we do not believe that it was overwhelming.

Defendant's father, Ralph Williams, testified at trial that he lived in the downstairs portion of the victim's home. Defendant visited Williams on several occasions and spoke with the victim practically every time he visited his father. Thus, the victim was well acquainted with defendant.

Williams left his home at approximately 7:00 or 8:00 P.M. on September 4, 1986, and did not return home until shortly before noon on September 5, 1986. Williams found the victim on the floor of the home at approximately noon on September 5, 1986.

The victim gave the name of one of his attackers to two Detroit police officers while he was in the emergency room of the hospital on September 5, 1986. As a result of the victim's conversation with the police officers, the officers went to the victim's home to determine if the person whose name the victim had given to them was there.

Because the victim died before trial, the transcript of his preliminary examination testimony was read to the jury. At the preliminary examination, the victim identified defendant as one of his attackers.

Two inquiries are pertinent as to whether an error is harmless. First, is the error so offensive to the maintenance of a sound judicial process that the error can never be regarded as harmless? Second, if not so basic an error, can this Court declare a belief that the error was harmless beyond a reasonable doubt? *People v Robinson,* 386 Mich 551, 563; 194 NW2d 709 (1972); *People v Nixten,* 160 Mich App 203, 211; 408 NW2d 77 (1987).

The purpose of the first inquiry is to deter prosecutorial and police misconduct, while the purpose of the second inquiry is to safeguard the decisional process. *People v Furman,* 158 Mich App 302, 317; 404 NW2d 246 (1987), lv den 429 Mich 851 (1987). An error can be intolerably offensive to the judicial system if it was deliberately injected into the proceedings by the prosecution, if it deprived the defendant of a fundamental element of the adversarial process, or if it was particularly persuasive or inflammatory. *Furman, supra.*

We cannot conclude that the prosecutor's improper civic duty argument in this case amounted to harmless error. We believe that the argument made by the prosecutor in this case was highly prejudicial and that a new trial is therefore war-

ranted. The rationale of *People v Farrar,* 36 Mich
App 294, 298-300; 193 NW2d 363 (1971), is applica-
ble here. In *Farrar,* Judge, now Justice, LEVIN
stated:

> The prosecutor may not subtly convert the pre-
> sumption of innocence into a presumption of guilt
> by appealing to the jurors to perform a civic duty
> to support the police:
> "The prosecutor should refrain from argument
> which would divert the jury from its duty to decide
> the case on the evidence, by injecting issues
> broader than the guilt or innocence of the accused
> under the controlling law, or by making predic-
> tions of the consequences of the jury's verdict."
>
> *      *      *
>
> "The responsibility of a public prosecutor differs
> from that of the usual advocate; his duty is to seek
> justice, not merely to convict."
> Unless we enforce the rules we encourage their
> violation and add to the burden of the appellate
> courts. Our frequent strictures against this kind of
> argument mean little unless we are prepared to
> reverse and require a new trial. A prosecutor who
> crosses a clearly defined line, and a trial judge who
> makes no effort to stop him, have only themselves,
> not the appellate courts, to blame if a judgment of
> conviction is reversed and the case must be retried
> because of improper argument.

We conclude that the prosecutor in this case
overstepped permissible bounds and injected error
requiring reversal into the trial. We cannot view
this error as harmless under either prong of the
harmless error test. To do so would be to encour-
age such improper conduct and to impair the
integrity of the decisional process.

Defendant also contends that the trial court
erred in permitting the jurors to take into the jury
room a copy of the preliminary examination tran-

script of the victim's testimony which was read at
trial but was not introduced into evidence. We
agree that it was error for the trial court to allow
the jurors to take a copy of the preliminary exami-
nation transcript into the jury room. Under the
facts of this case, however, we believe that the
error was harmless.

In *People v Page,* 41 Mich App 99, 103-104; 199
NW2d 669 (1972), a panel of this Court found error
requiring reversal where the trial court, in re-
sponse to a request by the jury, submitted to the
jury a preliminary examination transcript that
had not been admitted into evidence. In *Page,* p
103, this Court stated:

> There is no question that the submission to the
> jury of documents not introduced into evidence
> constitutes reversible error. *Osborne v United
> States,* 351 F2d 111 (CA 8, 1965); *Sawyer v United
> States,* 112 US App DC 381; 303 F2d 392 (1962). In
> *United States v Grady,* 185 F2d 273, 275 (CA 7,
> 1950), the Court stated, in discussing precisely the
> same issue:
> " . . . [I]t is sufficient to require a reversal if, in
> our judgment, the error might have operated to
> the substantial injury of the defendant."

The transcript furnished to the jury in this case
was a "sanitized" version which contained only the
material that had previously been read to the jury
during trial. Moreover, we see little difference in
the impact on the jury between having the tran-
script read to the jurors or having them read it
themselves. Accordingly, we do not believe that
this error operated to defendant's substantial in-
jury. In the event defendant is retried, however,
we do caution the trial court not to allow a copy of
the preliminary examination transcript into the

jury room if it has not been introduced into evidence.

Because reversal is warranted on the basis of prosecutorial misconduct, we need not address defendant's remaining arguments.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

McDONALD, P.J., concurred.

DOCTOROFF, J. *(dissenting).* I respectfully dissent. Considering the entire closing argument, I do not believe that the prosecutor's remarks were improper. Twice in the disputed statement, the prosecutor stated that the evidence indicated a verdict of guilty. He also told the jurors to "stick with your oath as jurors." I find that the quoted statement did not divert the jury from its duty to decide the case on the evidence, nor was it particularly persuasive or inflammatory.

A prosecutor's closing argument should be considered in its entirety. *People v Hedelsky,* 162 Mich App 382, 386; 412 NW2d 746 (1987). The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. *People v Burnett,* 166 Mich App 741, 754; 421 NW2d 278 (1988).

Read in its entirety, I do not believe defendant was denied a fair and impartial trial by the prosecutor's closing argument. The art of advocacy is the art of persuasion. In closing argument, emotional language is "an important weapon in counsel's forensic arsenal limited by the principle that a lawyer cannot comment upon evidence which has not been introduced." *People v Mischley,* 164 Mich App 478, 482-483; 417 NW2d 537 (1987), lv den 430 Mich 868 (1988). I would affirm.