PEOPLE v STUBL

Docket No. 82353. Submitted December 4, 1985, at Grand Rapids.—
Decided February 4, 1986. Leave to appeal applied for.

Defendant, Louis J. Stubl, was convicted of pandering, Alpena
Circuit Court, Joseph P. Swallow, J. Defendant appealed, ob-
jecting to the admission of two statements, one of which the
court recognized as inadmissible hearsay and the other of
which the court erroneously believed to be admissible under
the state-of-mind exception to the hearsay rule. *Held:*

Error in the admission of evidence requires reversal and a
new trial only where the error was not harmless. A two-tiered
analysis is used to determine whether an error concerning the
admission of evidence is harmless: whether the error was so
offensive to the maintenance of a sound judicial process that it
never can be regarded as harmless and whether the court can
declare a belief that the error was harmless beyond a reason-
able doubt. Error is not harmless under the first test if it was
deliberately injected into the proceedings by the prosecutor, if
it deprived the defendant of a fundamental element of the
adversary process, or if it was particularly inflammatory or
persuasive. Error is not harmless under the second test where
it is reasonably possible that, in the absence of the error, a
juror would have voted to acquit. Admission of the statements
was harmless.

Affirmed.

R. M. MAHER, J., dissented. He would hold that it is an error
so offensive to the maintenance of a sound judicial process that
it cannot be regarded as harmless for a judge to admit over
objection in a jury trial evidence which he recognizes and
acknowledges to be inadmissible hearsay. He would reverse.

REFERENCES

Am Jur 2d, Appeal and Error § 778.

Am Jur 2d, Evidence §§ 493-497.

Circumstances giving rise to prejudicial conflict of interests between
criminal defendant and defense counsel-state cases. 18 ALR4th
360.

OPINION OF THE COURT

1. CRIMINAL LAW — EVIDENCE — APPEAL — HARMLESS ERROR RULE — COURT RULES.

Error in the admission of evidence requires reversal and a new trial only where the error was not harmless (MCL 769.26; MSA 28.1096; GCR 1963, 529.1; MCR 2.613[A]).

2. CRIMINAL LAW — EVIDENCE — HARMLESS ERROR RULE — APPEAL.

A two-tiered analysis is used to determine whether an error concerning the admission of evidence is harmless: whether the error was so offensive to the maintenance of a sound judicial process that it never can be regarded as harmless and whether the court can declare a belief that the error was harmless beyond a reasonable doubt; error is not harmless under the first test if it was deliberately injected into the proceedings by the prosecutor, if it deprived the defendant of a fundamental element of the adversary process, or if it was particularly inflammatory or persuasive; error is not harmless under the second test where it is reasonably possible that, in the absence of the error, a juror would have voted to acquit.

DISSENT BY R. M. MAHER, J.

3. CRIMINAL LAW — EVIDENCE — HEARSAY — HARMLESS ERROR — RULES OF EVIDENCE.

*It is an error so offensive to the maintenance of a sound judicial process that it cannot be regarded as harmless for a judge to admit over objection in a jury trial evidence which he recognizes and acknowledges to be inadmissible hearsay (MRE 801[c], 802).*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David M. Funk, Jr.,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

State Appellate Defender (by *Rafael C. Villarruel),* for defendant on appeal.

BEFORE: BEASLEY, P.J., and R. M. MAHER and R. L. TAHVONEN,* JJ.

PER CURIAM. On June 14, 1984, following a jury trial, defendant, Louis J. Stubl, was convicted of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

pandering, in violation of MCL 750.455; MSA 28.710. Defendant was sentenced to two years probation and assessed a fine of $1,000. Defendant appeals the conviction as of right.

On appeal, defendant argues that the trial judge improperly admitted the hearsay testimony of a prosecution witness. The hearsay testimony involved two out-of-court statements which reinforced later testimony presented in the prosecution's case. Defendant asserts that the admission of this hearsay testimony constituted prejudicial, reversible error since the trial turned on a credibility contest between defendant and the prosecution witnesses.

The hearsay testimony was given by a prosecution witness who testified that defendant had approached her several times to discuss prostitution. The witness testified that defendant had asked her if she would be "interested in working keeping elderly gentlemen company for money". The witness refused to engage in prostitution activity until she discussed defendant's proposition with a friend. The witness testified that this friend stated that she was interested, since she needed money to support her daughter.

The witness then testified that she and her friend contacted defendant, who stated that the going price was $50, and arranged to meet them at his home. Defendant made some phone calls and the witness, her friend, defendant and a friend of defendant went to the home of two older men. The witness testified that one of the two older men asked her friend "if she was ready to get on with it and go with him". The witness then stated that her friend and the older man left the room. The witness went on to testify that she subsequently had sex with both of the older men for $20 each.

The witness's friend testified that, when she left

the room with the one older man, she had sex with him for $20. The testimony of the witness's friend, defendant's friend, and the two older men, corroborated the original witness's version of the facts. All of these prosecution witnesses testified pursuant to a grant of immunity from prosecution. Defendant testified that he had brought the two women to the home of the older men, but denied arranging for or having any knowledge of the sexual activity.

The first hearsay statement challenged in this case is the witness's testimony concerning the discussion with her friend, where her friend stated she was interested in defendant's proposition because she needed money to support her child. The trial court recognized this testimony as hearsay under MRE 801(c). The trial judge also noted that no hearsay exception applied to this statement and, thus, the evidence was technically inadmissible under MRE 802. However, the trial judge concluded that the testimony was not prejudicial since the witness's friend would testify next and defendant could fully cross-examine her on the statement at that time.

The second hearsay statement challenged concerns the witness's testimony that one of the older men propositioned her friend. The trial judge ruled that this statement fit the hearsay exception for statements related to the declarant's then-existing state of mind under MRE 803(3). This ruling was clearly erroneous. This exception to the hearsay rule only applies if the declarant's state of mind is at issue in the case.[1] As the older man's state of mind was not at issue in this case, this statement also constituted inadmissible hearsay.

Since both statements were inadmissible hear-

[1] *People v Lucas,* 138 Mich App 212, 220; 360 NW2d 162 (1984), *lv den* 421 Mich 854 (1985).

say, the critical determination on appeal is whether the error in admitting the testimony was harmless or reversible. Improper admission of evidence is grounds for a new trial only if a miscarriage of justice has resulted.[2] GCR 1963, 529.1, now MCR 2.613(A), interprets this statute as requiring reversal only if the error is not harmless.

This Court has clearly stated a two-tiered analysis in determining whether an error concerning the admission of evidence is harmless. The first inquiry is whether the error was so offensive to the maintenance of a sound judicial process that it never can be regarded as harmless.[3] This first test is not met if the error was deliberately injected into the proceedings by the prosecutor, if it deprived the defendant of a fundamental element of the adversary process, or if it was particularly inflammatory or persuasive.[4]

It is clear that the first test is met in this case. Defendant does not claim that the prosecutor deliberately injected the error to confuse the jury or otherwise hurt the judicial process. Defendant was afforded a full opportunity to cross-examine the declarants at trial. Although this fact does not cure the error of inadmissible hearsay, it is properly considered in determining whether the error was harmless.[5] Due to this consideration, defendant in this case was not deprived of a fundamental element of the adversary process. Furthermore, our review of the record indicates that the facts proven by the hearsay testimony were clearly established by other competent evidence. Therefore, the hearsay testimony was not particularly inflammatory or persuasive.

[2] MCL 769.26; MSA 28.1096.

[3] *People v Robinson*, 386 Mich 551, 563; 194 NW2d 709 (1972).

[4] *People v Gallon*, 121 Mich App 183, 188-189; 328 NW2d 615 (1982).

[5] *People v Poe*, 27 Mich App 422, 426-427; 183 NW2d 628 (1970), *rev'd on other grounds* 388 Mich 611; 202 NW2d 320 (1972).

The second inquiry concerning harmless error is whether the Court can declare a belief that the error was harmless beyond a reasonable doubt.[6] This test will be met if it is reasonably possible that, in the absence of the error, a juror would have voted to acquit.[7]

It is also clear that this second inquiry leads to the conclusion that the trial court's admission of the hearsay testimony constituted harmless error. As noted above, the facts proven by the hearsay testimony were clearly established by other competent evidence. This Court has consistently held that, when such a situation exists, the admission of hearsay testimony will be considered harmless error.[8]

The testimony of the first declarant, the witness's friend, clearly established that defendant induced her to engage in prostitution. The testimony of both the second declarant (the older man) and the witness's friend, established that the older man propositioned the witness's friend and had sex with her for $20. The absence of the hearsay testimony on these matters would not possibly have led a juror to vote for defendant's acquittal.

Under either inquiry of the harmless error analysis, the admission of hearsay testimony in this case constituted harmless error. This is true even though defendant asserts that the trial turned on a credibility contest between himself and the prosecution witnesses. The absence of the hearsay testimony would not have changed any juror's vote in this case as to the resolution of the credibility contest. The trial court's error in admitting the

---

[6] *Robinson, supra.*

[7] *Gallon, supra,* p 189.

[8] See *People v Slayton,* 135 Mich App 328, 338; 354 NW2d 326 (1984), *lv den* 422 Mich 854 (1985); *People v Price,* 112 Mich App 791, 803; 317 NW2d 249 (1982), *lv den* 414 Mich 946 (1982).

hearsay testimony does not require reversal of defendant's conviction.

Affirmed.

R. M. MAHER, J. (dissenting). I respectfully dissent.

In the instant case, defendant objected at trial to the witness's statements on the ground of hearsay. The trial court recognized that the statements were hearsay, MRE 801(c), and acknowledged that the statements were inadmissible into evidence, MRE 802, yet overruled defendant's objection and allowed the admission of the statements into evidence.

The majority opinion holds that the error in admitting the statements was harmless. I disagree. A determination of harmless error requires two inquiries. First, is the error so offensive to the maintenance of a sound judicial process that it never can be regarded as harmless? Second, if not, was the error harmless beyond a reasonable doubt? *People v Robinson,* 386 Mich 551, 563; 194 NW2d 709 (1972).

I am of the opinion that the error is so offensive to the maintenance of a sound judicial process that it cannot be regarded as harmless.

"A large word like justice incorporated into a rule governing harmless error, *[sic]* compels an appellate court to concern itself not alone with a particular result but also with the very integrity of the judicial process." *Robinson, supra,* p 562, quoting Traynor, *The Riddle of Harmless Error* (Ohio State Univ Press, 1970), p 17.

The integrity of the judicial process will not be advanced by a trial court's disregard for acknowledged evidentiary errors.