PEOPLE v WILLIAMS

Docket No. 88853. Submitted March 4, 1987, at Lansing. Decided February 11, 1988.

Kenneth Wayne Williams was convicted on his plea of guilty of attempted carrying a concealed weapon, Genesee Circuit Court, Robert M. Ransom, J. Departing from the sentencing guidelines, the court sentenced defendant to twenty to thirty months of imprisonment, citing as reasons defendant's extensive juvenile record and the fact that defendant, at the time of the instant offense, was on parole from a prison sentence for an armed robbery conviction. Defendant appealed.

The Court of Appeals held:

1. An excessively severe sentence is one which, like the sentence in this case, far exceeds what all reasonable persons would perceive to be an appropriate social response to the crime committed and the criminal who committed it. While carrying a concealed weapon is a serious offense, mitigating circumstances accompanied the commission of defendant's crime. The sentence imposed also disregards the significant progress defendant has made since his parole. Finally, the sentencing court should not have considered as a negative factor defendant's release on parole after having only served one-half of his minimum term for armed robbery since the early release was for defendant's good behavior.

2. A resentencing before a different judge is required to preserve the appearance of justice and fairness.

Reversed and remanded.

1. CRIMINAL LAW — APPEAL — SENTENCING.

A criminal defendant may request review of the exercise of a trial court's discretion in imposing sentence, but relief will be granted only where it is found that the trial court abused its

REFERENCES

Am Jur 2d, Criminal Law §§ 538, 592, 625 et seq.

Comment Note.—Length of sentence as violation of constitutional provisions prohibiting cruel and unusual punishment. 33 ALR3d 335.

See also the annotations in the Index to Annotations under Sentence and Punishment.

discretion to the extent that the sentence shocks the conscience of the appellate court.

2. CRIMINAL LAW — APPEAL — SENTENCING — EXCESSIVE SENTENCES.

An excessively severe sentence is one which far exceeds what all reasonable persons would perceive to be an appropriate social response to the crime committed and the criminal who committed it.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Neil C. Szabo,* for defendant on appeal.

Before: H. HOOD, P.J., and D. E. HOLBROOK, JR., and M. R. STEMPIEN,* JJ.

PER CURIAM. Defendant was charged with carrying a concealed weapon, MCL 750.227; MSA 28.424. A supplemental information charging defendant as an habitual offender was also filed. Defendant was on parole from a conviction for armed robbery at the time of the alleged offense. He pled guilty to attempted carrying of a concealed weapon. In exchange for his plea, the supplemental information was dropped. Sentenced to twenty to thirty months' imprisonment, defendant appeals as of right from his sentence.

Defendant claimed that he borrowed the weapon from his ex-girlfriend for the purpose of assuaging his current girlfriend's fears of harassment. Her fear was prompted by recent vandalism to defendant's automobile, which defendant attributed to his present occupation as a prison guard. Defendant's arrest occurred following a stop for speeding. The state trooper who stopped defendant asked him what was in a bag lying beside defen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dant's feet. Defendant handed the bag to the trooper and acknowledged that it contained a gun. Defendant further claimed that he had intended to return the weapon that weekend. Defendant admitted that he had a lengthy juvenile record. However, he urged the trial court to consider his continuous two-years' employment since his parole and his lack of malicious intent. The sentencing guidelines applicable to defendant recommended a minimum sentence of zero to twelve months' incarceration. This recommendation took into account defendant's juvenile record and his prior conviction for armed robbery. In deviating from the guidelines, the trial court focused on defendant's prior record, that defendant had been paroled from the armed robbery conviction after only serving approximately one-half of his minimum term, and that defendant's present conviction involved a weapon.

Our review of a sentence is limited to whether the sentencing court abused its discretion to the extent that it shocks the conscience of this Court. *People v Coles,* 417 Mich 523, 550-551; 339 NW2d 440 (1983). We find that the sentence imposed in this case was excessively severe, and accordingly we reverse.

As the Court noted in *Coles,* an "excessively severe" sentence is "one which far exceeds what all reasonable persons would perceive to be an appropriate social response to the crime committed and the criminal who committed it." 417 Mich 542-543. We believe that defendant's sentence far exceeds the need to discipline defendant or to protect society. While we recognize that carrying a concealed weapon is a serious offense, a number of mitigating circumstances accompanied the commission of this crime. First, defendant was moti-

vated by a desire for self-protection. This desire was reasonable in light of two instances of vandalism to his automobile within a month. Further, there was no indication that defendant ever intended to use the weapon. He was merely carrying it in a bag in his automobile. When questioned about the contents of the bag, defendant voluntarily turned the bag over to the trooper and acknowledged the presence of the weapon.

Moreover, the sentence imposed disregards the significant progress defendant has made since his parole. Not only has he been employed continuously for two years, the instant offense appears to be his first contact with the criminal justice system since his parole. We further note that the sentencing court apparently placed a negative connotation on defendant's early release from prison. Because the release was the result of defendant's good behavior while in prison, the timing of his release should be considered a positive factor.

We further hold that defendant's resentencing should be performed by a different judge. While the record does not indicate any bias towards defendant by the original judge, we believe that reassignment is advisable to preserve the appearance of justice and fairness. It would be unreasonable to expect the trial judge to be able to put out of his mind his previously expressed views and findings without substantial difficulty. Further, the advancement of the interests of justice and fairness outweigh any waste or duplication which might incidentally occur. *People v Evans,* 156 Mich App 68, 72-73; 401 NW2d 312 (1986).

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.