PEOPLE v WINCHELL

Docket No. 101288. Submitted June 22, 1988, at Lansing. Decided September 20, 1988. Leave to appeal applied for.

Andrew Richard Winchell was convicted by a jury in Hillsdale Circuit Court of criminal sexual conduct in the first degree involving his fourteen-year-old stepdaughter. The trial court, Albert J. Neukom, J., sentenced defendant to imprisonment of twenty to forty years, with thirty-nine days credit for time served. Defendant appealed.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in allowing the testimony of the victim's father regarding the victim's character for truthfulness in rebuttal to a claim of fabrication by the victim made by defense counsel in his opening argument, which claim was made after the prosecution's case in chief and was supported by the testimony of defense witnesses.

2. The trial court did not abuse its discretion in allowing the victim to testify in rebuttal to the claim of fabrication.

3. The sentence imposed was not justified by the factors on which the trial court relied in departing from the sentencing guidelines. The sentence shocks the conscience of this Court.

The conviction is affirmed, and the case is remanded for resentencing.

1. CRIMINAL LAW — EVIDENCE — REBUTTAL — APPEAL.

The decision to admit evidence in rebuttal rests within the trial court's discretion; if evidence is improperly admitted during rebuttal, reversal is required only if the error was so egregious as to result in a miscarriage of justice.

2. CRIMINAL LAW — NEW TRIAL — EVIDENCE.

The improper admission of evidence is grounds for a new trial

REFERENCES

Am Jur 2d, Appeal and Error §§ 601 *et seq.*, 880 *et seq.*
Am Jur 2d, Criminal Law §§ 525 *et seq.*
Am Jur 2d, Evidence §§ 267-269.
Am Jur 2d, New Trial §§ 115 *et seq.*
See the Index to Annotations under New Trial; Rebuttal; Sentence and Punishment.

only where: (1) the error was so offensive to the maintenance of a sound judicial process that it can never be regarded as harmless, e.g., the evidence was particularly inflammatory or persuasive; and (2) the Court of Appeals can declare a belief that the error was not harmless beyond a reasonable doubt, i.e., it is reasonably possible that, in the absence of the error, a juror would have voted to acquit.

3. EVIDENCE — APPEAL — PRESERVING QUESTION.

Objections to a ruling that admits or excludes evidence which are based on one ground are insufficient to preserve an appellate attack based on different grounds.

4. CRIMINAL LAW — SENTENCING GUIDELINES — APPEAL.

Departures from the sentencing guidelines are to be expected and, where the sentencing court articulates permissible reasons in support of its decision to depart from the guidelines, a reviewing court should not afford relief unless the sentence imposed shocks the conscience of the reviewing court.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James D. Hayne,* Prosecuting Attorney, and *Deborah K. Canja,* Assistant Attorney General, for the people.

State Appellate Defender (by *P. E. Bennett),* for defendant on appeal.

Before: WAHLS, P.J., and HOOD and N. J. KAUFMAN,* JJ.

PER CURIAM. Defendant appeals as of right his February 12, 1987, conviction by jury of first-degree criminal sexual conduct, MCL 750.520b(1)(b)(ii); MSA 28.788(2)(1)(b)(ii). Defendant was the stepfather of the then fourteen-year-old victim. Defendant also appeals his sentence, adjudged on March 20, 1987, of twenty to forty years imprisonment, with thirty-nine days credit for time served.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Defendant's first claim of error is that the trial court erred in allowing the prosecutor to present the rebuttal testimony of the victim and that of her father over defense objection.

At trial, the defense theory was that the allegations of defendant's sexual abuse of the victim which formed the basis of the complaint in this case were fabricated at the instigation of the victim's mother because the latter held a grudge against defendant. During presentation of the defense case, defense counsel elicited the testimony of two witnesses that they heard the victim's mother say that she was going to "get" the defendant. The witnesses testified that they heard this comment in the courtroom on a date which the victim's mother testified was the date she was divorced from defendant.

At the close of the defense case, the prosecution called the victim's father as a rebuttal witness who, over defense counsel's objection as to relevancy, testified that the victim's character was such that her mother could not have prevailed upon her to testify falsely. The prosecutor then called the victim as a rebuttal witness. The victim testified that she had not testified untruthfully on direct examination for the purpose of helping her mother obtain a divorce from defendant. Defense counsel objected, arguing first that the prosecutor's question had been asked and answered during direct examination, and second, that the victim's rebuttal testimony was not proper redirect examination. The trial court overruled the objections, noting that defense counsel had directed questions concerning the divorce of defendant and the victim's mother to the victim's mother on cross-examination rather than to the victim.

On appeal, defendant claims that the testimony of both rebuttal witnesses was improperly admit-

ted and grounds for reversal. The decision to admit evidence in rebuttal rests within the trial court's discretion. *People v Hubbard,* 159 Mich App 321, 327; 406 NW2d 287 (1987); *People v Eggleston,* 148 Mich App 494, 503; 384 NW2d 811 (1986), lv den 426 Mich 862 (1986). Reversal is required only if the error of improperly admitting evidence was so egregious as to result in a miscarriage of justice. *Hubbard,* p 327; *Eggleston,* p 503; MCR 2.613(A). The improper admission of evidence is grounds for a new trial only where: (1) the error was so offensive to the maintenance of a sound judicial process that it can never be regarded as harmless, e.g., the evidence was particularly inflammatory or persuasive; and (2) this Court can declare a belief that the error was not harmless beyond a reasonable doubt, i.e., it is reasonably possible that, in the absence of the error, a juror would have voted to acquit. *People v Stubl,* 149 Mich App 42, 46-47; 385 NW2d 719 (1986), lv den 425 Mich 864 (1986).

Defendant argues that the testimony of the victim's father improperly vouched for the victim's character for truthfulness, and that this testimony was admitted in violation of MRE 404(a). However, at trial, defendant objected only on the ground that the testimony was not relevant. An objection based on one ground is insufficient to preserve an appellate attack based on a different ground. *In re Davis,* 166 Mich App 735, 738; 420 NW2d 872 (1988); MRE 103. Because defendant did not raise this issue at trial, it is not properly before this Court. *People v Pearson,* 157 Mich App 68, 73; 403 NW2d 498 (1987), lv den 428 Mich 893 (1987).

Further, contrary to defendant's assertions, evidence of the victim's character for truthfulness was admissible. In the people's case in chief, defense counsel questioned neither the victim's mother nor the victim herself concerning the de-

fense theory of fabrication, but merely established that the victim's mother did not like the defendant. The victim's mother did not recall whether, on the day of the divorce, she said she would "get" the defendant. The defense · opening statement, which was reserved until immediately before presentation of its case, supported by the testimony of defense witnesses, injected for the first time the theory that the victim's allegations were concocted in response to her mother's grudge against her stepfather. The victim's credibility was attacked in the defense case, and rebuttal evidence concerning her character for truthfulness was properly admitted pursuant to MRE 404(a)(4) and 608(a). Therefore, the trial court did not abuse its discretion in allowing the prosecutor to present the testimony of the victim's father to the jury in rebuttal.

Defendant also argues that the victim's rebuttal testimony was improperly admitted. The prosecutor confined his inquiry of this witness to whether she had fabricated her direct examination testimony, and had done so for the purpose of helping her mother obtain a divorce from defendant. Neither the prosecutor nor defense counsel questioned the victim in this vein during the prosecution's case in chief. Again, the trial court's permitting such testimony in rebuttal does not constitute an abuse of discretion. Even had the trial court ruled improperly, any error was harmless in light of defendant's extremely unconvincing testimony. *Stubl, supra.*

Nor do the facts of this case require reversal under *People v Losey,* 413 Mich 346; 320 NW2d 49 (1982). Unlike the prosecutorial "sandbagging" tactics employed in *Losey,* the prosecutor in this case did not divide the evidence upon which the people based their case, saving some for rebuttal. Rather, the people properly rebutted the defense theory

with evidence which would have been inadmissible in their case in chief pursuant to MRE 404(a)(4) and 608(a).

Defendant's second claim of error is that the trial court abused its discretion in sentencing defendant to twenty to forty years imprisonment. The statutory maximum sentence for first-degree criminal sexual conduct is life imprisonment. Defendant, then forty-eight years old, had no prior criminal record, an extensive employment history, and various physical infirmities. Nevertheless, the trial court departed from the sentencing guidelines minimum range of six to ten years.

Departures are expected, and as long as the trial court articulates permissible reasons to support the departure, we do not afford relief unless our appellate conscience is shocked. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983); *People v Purzycki,* 143 Mich App 108; 371 NW2d 490 (1985); *People v Ridley,* 142 Mich App 129; 369 NW2d 274 (1985). We agree, however, with Judge RAVITZ' separate concurrence in *People v Line,* 145 Mich App 567, 573-579; 378 NW2d 781 (1985), lv den 425 Mich 857 (1986), in his concern and despair of the dearth of guidelines to use in deciding at what point a sentence becomes excessive.

The factors relied upon by the trial court in departing from the sentencing guidelines range were proper. However, the sentence imposed was not justified by those factors. *People v Kenneth Williams,* 168 Mich App 150; 424 NW2d 1 (1988). In order to vacate the sentence and remand for resentencing, we must find that the trial court abused its discretion in sentencing such that our consciences are shocked. Therefore, we do find such an abuse of discretion, and remand this case for resentencing by a judge other than the judge who imposed this sentence. *Kenneth Williams,*

*supra,* p 153; *People v Evans,* 156 Mich App 68, 72-73; 401 NW2d 312 (1986).

Defendant's conviction is affirmed, and the case remanded for resentencing.