PEOPLE v LEIGH

Docket No. 116779. Submitted April 20, 1989, at Lansing. Decided
     August 29, 1989.

     After cocaine was found in a jacket hanging in the lounge of his
     business, defendant, Reginald D. Leigh, was arraigned in the
     Recorder's Court for the City of Detroit on charges of posses-
     sion with intent to deliver less than fifty grams of cocaine. The
     jacket was lost as evidence sometime during the 225 days
     between his arrest and arraignment. Defendant moved to dis-
     miss and the trial court, Prentis Edwards, J., granted the
     motion on the ground that the prearraignment delay violated
     defendant's due process rights. The Court of Appeals affirmed
     in an unpublished per curiam opinion decided June 9, 1988
     (Docket No. 99662). The Michigan Supreme Court denied leave
     to appeal. 431 Mich 867 (1988). The United States Supreme
     Court subsequently vacated the judgment of the Court of Ap-
     peals and remanded for further consideration in light of *Ari-
     zona v Youngblood*, 488 US —; 109 S Ct 333; 102 L Ed 2d 281
     (1988). 109 S Ct 1634; 104 L Ed 2d 150 (1989).

          The Court of Appeals, on remand, *held*:

          The appropriate issue is whether defendant's due process
     rights were violated when the police lost the jacket. Here, the
     jacket was potentially useful evidence, so that a finding of bad
     faith on the part of the police was necessary. Here the police
     did not act in bad faith. The loss of the jacket did not violate
     defendant's due process rights.

          Reversed and remanded.

CRIMINAL LAW — EVIDENCE — DUE PROCESS — FAILURE TO PRESERVE
     EVIDENCE.

     The good or bad faith of the state is irrelevant to a claim of a due
     process violation based on the loss of material exculpatory
     evidence attributable to the state; where, however, the state
     has failed to preserve evidentiary material of which no more

REFERENCES

Am Jur 2d, Criminal Law § 863.
Right of accused in state courts to inspection or disclosure of
     evidence in possession of prosecution. 7 ALR3d 8.

can be said than that it could have been subjected to tests the results of which might have exonerated the defendant, the failure to preserve the potentially useful evidence does not constitute a denial of due process unless the defendant can show bad faith on the part of the state.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*Jerrold B. Sherman,* for defendant.

Before: HOLBROOK, JR., P.J., and MACKENZIE and GRIBBS, JJ.

PER CURIAM. Defendant was arraigned on charges of possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(1) and (2)(a)(iv); MSA 14.15(7401)(1) and (2)(a)(iv), 225 days after his original arrest. The cocaine was found in a jacket hanging in the lounge of defendant's business. During the 225-day period prior to his arraignment, this jacket was lost as evidence. The trial court dismissed the charge against defendant on the ground that the prearraignment delay violated defendant's due process rights. This Court affirmed in an unpublished per curiam opinion decided June 9, 1988 (Docket No. 99662). The Michigan Supreme Court denied leave to appeal. 431 Mich 867 (1988). The United States Supreme Court subsequently vacated the judgment of this Court and remanded "for further consideration in light of *Arizona v Youngblood,* 488 US —; 109 S Ct 333; 102 L Ed 2d 281 (1988)." See 109 S Ct 1634; 104 L Ed 2d 150 (1989).

In *Arizona v Youngblood, supra,* the issue before

the Court was "the extent to which the Due Process Clause of the Federal Constitution requires the State to preserve evidentiary material that might be useful to a criminal defendant." 109 S Ct 334; 102 L Ed 2d 285. The Court held that, when the state fails to disclose to the defendant material exculpatory evidence, the good or bad faith of the state is irrelevant to a claim based on loss of evidence attributable to the government. See 109 S Ct 337; 102 L Ed 2d 289. Where, however, the state has failed to preserve evidentiary material of which no more can be said than that it could have been subjected to tests the results of which might have exonerated the defendant, the failure to preserve the potentially useful evidence does not constitute a denial of due process unless a criminal defendant can show bad faith on the part of the police. *Id.*

We interpret the United States Supreme Court's remand order as an expression of that Court's belief that the appropriate issue for consideration in this case is whether defendant's due process rights were violated when the police lost the jacket which contained the subject cocaine, and not—as the case has been previously argued and decided—whether the prearraignment delay violated defendant's due process rights. Under *Youngblood,* this record does not support a finding that the loss of the jacket violated defendant's due process rights. The jacket was "potentially useful evidence," so that a finding of bad faith on the part of the police was necessary. The trial court specifically found that the police had not acted in bad faith. Accordingly, in light of *Youngblood,* we now reverse the trial court's dismissal of this case and remand for further proceedings.

Reversed and remanded.