PEOPLE v LUCAS

Docket No. 116603. Submitted November 16, 1989, at Grand Rapids. Decided March 5, 1990.

Mitchell Ray Lucas pled guilty of bank robbery, Kent Circuit Court, Roman J. Snow, J. The court departed from a sentencing guidelines recommended minimum sentence range of twenty-four to seventy-two months in sentencing defendant to a term of imprisonment of fifteen to forty years. Defendant appealed.

The Court of Appeals *held:*

In light of the reasons stated by the trial court for its departure from the sentencing guidelines, the sentence imposed does not constitute an abuse of discretion such that it shocks the conscience of the Court of Appeals.

Affirmed.

T. G. KAVANAGH, J., dissented and would hold that, because the factors relied upon by the trial court in departing from the guidelines do not justify the sentence imposed and the sentence far exceeds that which is needed to discipline defendant or protect society, the sentence is excessive and its severity shocks the judicial conscience.

1. CRIMINAL LAW — SENTENCING GUIDELINES.

Use of the sentencing guidelines when imposing a sentence for an offense included in the guidelines is mandatory, but imposing a sentence based on the recommended ranges of the guidelines is not.

2. CRIMINAL LAW — SENTENCING GUIDELINES — APPEAL.

Departures from the sentencing guidelines are to be expected and, where a sentencing court articulates permissible reasons in support of its decision to depart from the guidelines, a reviewing court should not afford relief unless the sentence imposed shocks the conscience of the reviewing court.

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES

Am Jur 2d, Criminal Law §§ 595, 598, 599.
See the Index to Annotations under Mitigation or Aggravation of Punishment; Sentence and Punishment.

*Caruso,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*James R. Rinck,* for defendant on appeal.

Before: CYNAR, P.J., and MARILYN KELLY and T. G. KAVANAGH,* JJ.

CYNAR, P.J. On September 27, 1988, defendant pled guilty to bank robbery, MCL 750.531; MSA 28.799. Application of the sentencing guidelines to the circumstances of the instant case resulted in a recommended minimum sentence range of from twenty-four to seventy-two months. The trial court exceeded the recommended range and imposed a sentence of fifteen to forty years of imprisonment.

In this appeal as of right, defendant asserts that resentencing is required because the sentencing court's departure from the guidelines constitutes an abuse of discretion such that it should shock the conscience of this Court. We disagree.

By administrative order, our Supreme Court mandated use of the sentencing guidelines by trial judges when imposing sentences on or after March 1, 1984. Administrative Order No. 1984-1, 418 Mich lxxx; Administrative Order No. 1985-2, 420 Mich lxii; Administrative Order No. 1988-4, 430 Mich ci. Although a sentencing judge is not compelled to adhere to the minimum sentence suggested by the guidelines, he must complete the guidelines calculations and consider the resultant suggested minimum sentence. *People v Ridley,* 142 Mich 129, 133-134; 369 NW2d 274 (1985). Departures from the guidelines are expected. *People v Winchell,* 171 Mich App 662, 667; 430 NW2d 812

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

(1988). As long as a sentencing judge articulates permissible reasons to support departure, we do not afford relief unless our appellate conscience is shocked. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983); *Winchell, supra.*

Judge Snow stated in pertinent part, relative to the issue herein, as follows:

> Now, inasmuch as I do not intend to abide by the scoring in either of the guidelines, I do not think it makes any difference which of the guidelines will be used, but I will use the guidelines in effect after October 1st.
>
> The defendant committed seven bank robberies over a period of six months. Each of these offenses involved multiple victims. Defendant used a gun in each of the robberies.
>
> After the first robbery, the defendant forced all of the employees and customers to disrobe, and when they did not want to undress completely, he threatened them with a gun and insisted they remove all their clothing.
>
> Forcing them to disrobe severely traumatized the employees and customers, caused them much fear and resulting psychological harm which has been long-lasting.
>
> Defendant's actions over this six-month period terrorized many of the residents in northern Kent County and the banking community.
>
> In addition to the loss of over $40,000 in cash, there were untold expenses to area banks for beefed-up security, lost production in manpower, and counseling services that had to be given to several victims who suffered severe mental anguish. Local police also deployed additional manpower exclusively to this case for a period of six months. I think it is safe to estimate that these crimes cost our community in the neighborhood of a quarter of a million dollars.
>
> It is my opinion that the sentencing guidelines do not sufficiently reflect the serious nature of this crime, and the impact defendant's conduct has had

upon the community, how much psychological harm and how much fear his actions have caused. I am therefore sentencing outside the range of the sentencing guidelines.

It is therefore the sentence of this Court that you be taken from here to Jackson, Michigan, there delivered to the Department of Corrections to serve a term at an institution of their choice of not less than 15 nor more than 40 years.

The sentence imposed was an appropriate response to the crime and the criminal. Accordingly, we hold the sentence does not constitute an abuse of discretion which shocks the conscience of this Court.

Affirmed.

MARILYN KELLY, J., concurred.

T. G. KAVANAGH, J. *(dissenting)*. I respectfully dissent.

I believe that the factors relied upon by the trial court in departing from the sentencing guidelines range do not justify the sentence imposed. *People v Winchell,* 171 Mich App 662, 667; 430 NW2d 812 (1988); *People v Williams,* 168 Mich App 150; 424 NW2d 1 (1988). There is nothing in the circumstances surrounding the October 30, 1987, bank robbery that either were not already taken into consideration by the guidelines or constituted an aggravating factor sufficient to warrant the departure made. As Judge SHEPHERD has stated:

The problem we face in these cases is that the guidelines include factors such as the severity of the offense, the past record of the defendant, and the sentences historically imposed throughout the state. If the trial judge justifies a departure from the guidelines by stating that he does so because of

the nature of the offense and the record of the offender, the trial court has considered these factors twice. If we say that the trial judge may, in an individual case, place greater emphasis on any given factor by simply announcing on the record his intention to do so, the guidelines become nothing more than a litany of magic words used to mask the imposition of subjective, arbitrary and disparate sentences—the very problem which [*People v Coles*, 417 Mich 523; 339 NW2d 440 (1983)] and the guidelines were designed to eliminate. [*People v Rutherford*, 140 Mich App 272, 280; 364 NW2d 305 (1985). (SHEPHERD, J., concurring).]

The record discloses that defendant's sentence far exceeds that needed to discipline defendant or to protect society. *Williams, supra,* p 152. The presentence investigation report reveals that defendant has led a "squeaky clean [life] for the better part of the past 10 years." The report also reveals that defendant has a lengthy employment history, that he is considered a "good neighbor and a good family man" and that he is remorseful and prepared to accept punishment for his wrongdoing. In the presentence investigator's opinion, "the probability of Mr. Lucas engaging in this type of behavior again is very low."

For the aforementioned reasons, I do not believe that the sentence imposed was an appropriate response to the crime and the criminal. *Coles, supra,* pp 542-543. Accordingly, I would hold that the sentence is excessive and that its severity shocks the judicial conscience.