PEOPLE v LEO

Docket No. 122464. Submitted February 13, 1991, at Grand Rapids.
Decided April 15, 1991, at 9:00 A.M. Leave to appeal sought.

Norman J. Leo was charged in the Kent Circuit Court with three
counts of second-degree criminal sexual conduct. Following a
jury trial, he was convicted of one count of attempted second-
degree criminal sexual conduct, Dennis B. Leiber, J. The defen-
dant appealed, alleging that the court erred in allowing the
introduction of certain rebuttal testimony and in instructing
the jury sua sponte regarding attempted second-degree criminal
sexual conduct over the defendant's objection. The defendant
also alleged that the prosecutor violated a discovery order and
failed to provide the defendant certain exculpatory evidence.

The Court of Appeals *held:*

The defendant's conviction must be reversed, and the case
remanded for a new trial on the charge of attempted second-
degree criminal sexual conduct.

1. The court abused its discretion in allowing the introduc-
tion of rebuttal testimony regarding alleged similar bad acts by
the defendant. A prosecutor cannot elicit a denial during the
cross-examination of a defense witness and use that denial to
inject a new issue into the case. The prosecution in this case
elicited a denial from the defendant on cross-examination to
enable it to introduce highly prejudicial evidence of similar, but
uncharged, wrongful conduct during rebuttal. The prosecution
was aware of its alleged violation of a discovery order regard-
ing similar acts evidence, which prevented the introduction of
such testimony in its case in chief. The defendant's denial of
improprieties was an improper basis for the rebuttal testimony.
The cross-examination of the defendant and the introduction of
the highly prejudicial rebuttal testimony was not harmless
error.

2. The evidence supported the court's instruction regarding
attempted second-degree criminal sexual conduct. The defen-

Rᴇғᴇʀᴇɴᴄᴇs
Am Jur 2d, Criminal Law § 1007; Trial §§ 150, 151, 876, 877, 882.
See the Index to Annotations under Instructions to Jury; Lesser
Included Offenses; Rape; Rebuttal.

dant had fair notice to defend against that charge because the proofs required for both second-degree criminal sexual conduct and attempted second-degree criminal sexual conduct are substantially the same.

3. The prosecution's actions in violating the discovery order and failing to provide exculpatory evidence, as a whole, came close to the level of misconduct. However, defendant was not deprived of a fair trial, because the information was provided to the defendant three days before the trial.

4. The court did not abuse its discretion in ruling that there was no prosecutorial interference with the defendant's attempts to interview certain witnesses and the complainants.

5. Error, if any, resulting from the prosecution's withholding of exculpatory information regarding statements made by two witnesses was harmless, because the testimony related only to statements made by the complainants of the two counts of second-degree criminal sexual conduct of which the defendant was found not guilty.

6. The prosecution, upon retrial, must comply entirely with the discovery order requiring it to inform the defense of any witnesses who will present testimony under MRE 404(b).

Reversed and remanded.

1. CRIMINAL LAW — EVIDENCE — REBUTTAL EVIDENCE.

The test for error regarding rebuttal evidence is whether it is justified by the evidence it is offered to rebut.

2. PROSECUTING ATTORNEYS — CROSS-EXAMINATION — REBUTTAL EVIDENCE.

A prosecutor cannot elicit a denial during the cross-examination of a defense witness and use that denial to inject a new issue into the case; cross-examination cannot be used to revive a right to introduce evidence that could have been, but was not, introduced in the prosecutor's case in chief.

3. CRIMINAL LAW — JURY INSTRUCTIONS — ATTEMPT.

An instruction regarding an attempt to commit a charged offense may be given by the trial court sua sponte where the evidence indicates only that an attempt was committed.

4. RAPE — SECOND-DEGREE CRIMINAL SEXUAL CONDUCT — ATTEMPT — FAIR NOTICE OF CHARGES.

A defendant must have intended to commit second-degree criminal sexual conduct in order to be convicted of attempted second-degree criminal sexual conduct; therefore, fair notice to defend against the crime of attempted second-degree criminal

sexual conduct is given where the defendant is charged with only second-degree criminal sexual conduct (MCL 750.92, 750.520c; MSA 28.287, 28.788[3]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, *Timothy K. McMorrow,* Chief Appellate Attorney, and *Helen V. Brinkman,* Assistant Prosecuting Attorney, for the people.

*James M. Catchick,* for the defendant.

Before: CAVANAGH, P.J., and MAHER and FITZGERALD, JJ.

FITZGERALD, J. Defendant Norman Joseph Leo was charged with three counts of second-degree criminal sexual conduct (CSC 2D), MCL 750.520c(1) (a); MSA 28.788(3)(1)(a). Following a jury trial, defendant was convicted of one count of attempted second-degree criminal sexual conduct, MCL 750.92; MSA 28.287; MCL 750.520c(1)(a); MSA 28.788(3)(1)(a), and was found not guilty of the additional two counts of CSC 2D. Defendant was sentenced to serve sixty days in jail, to eighteen months' probation, and to perform 270 hours of community service in lieu of an additional four months in jail. Defendant appeals as of right, and we reverse.

Defendant was a fifth-grade teacher at Harrison Park Elementary School in Grand Rapids during the 1988-89 school year and had been teaching at the school for fifteen years. The instant charges arose from the allegations of two fifth-grade students and one fourth-grade student, all of whom were best friends.

Before trial, defendant moved the court for discovery against the Kent County Prosecutor's office.

The lower court granted defendant's motion and ordered that the prosecutor's office advise defense counsel of any evidence of similar acts of wrongdoing and of any "bad act" testimony or witnesses, MRE 404(b).

Before trial, defendant moved for dismissal on the ground of prosecutorial misconduct for failure to comply with the discovery order. Defendant also moved for a motion in limine regarding rule 404(b) evidence because there had been no prior notice from the prosecution that it intended to present such evidence, as required by the discovery order. Since the prosecution represented that there would be no rule 404(b) evidence in its case in chief, the trial judge stated that he would not rule on the matter until rebuttal.

Following defendant's testimony, the prosecution called two witnesses as rebuttal witnesses under MRE 404(b). Following defendant's objections that the testimony was improper rebuttal and violated the discovery order, the trial judge allowed the witnesses to testify.

## FACTS

The first complainant testified that on January 17, 1989, during class, defendant stood behind her chair, put his hand under her blouse, down her bra strap, and inside her bra "near the beginning of the cup."

The second complainant testified that, before Christmas break, when she and defendant were alone in the lunch room, defendant touched her between her legs. She also testified that on the day the girls met with the principal regarding the incident she was on the playground when the defendant called to her. She testified that defen-

dant put his hand under her shirt and touched her breast.

The third complainant testified that on "Tuesday" something unusual happened when she was in defendant's classroom. Defendant came to her desk and started rubbing her shoulders and then moved his hand down her right side, almost to her breast. When she twitched, defendant went over to the first complainant, began rubbing her shoulders, and then snapped her bra strap. The third complainant testified that defendant eventually came back to her, unbuttoned her shirt, and touched her by her breast.

Several other students from defendant's class testified for the defense. One testified that he understood from conversations with the second and third complainants that the complaints they were going to make were lies. Another testified that the second complainant told her that she never liked defendant and wanted to get him out of school and that she also told her that her statements were untrue.

On direct examination, defendant denied that he ever touched the second complainant on the breast or between the legs. He also denied reaching down the first complainant's shirt. Defendant testified that he thinks he squeezed the first complainant's shoulder on the outside of her shirt, and also testified that he never unbuttoned the third complainant's shirt or reached down the front of it.

On rebuttal, another student testified that defendant rubbed her back, bunched up her shirt, touched her skin and unsnapped her bra. Still another testified that she became concerned when defendant began rubbing her neck, shoulders, down her back, and inside her clothing.

Defendant was acquitted of the charges relating to the second and third complainant's and was

convicted of attempted CSC 2D involving the first complainant.

I

Defendant asserts that the trial court abused its discretion in allowing the introduction of rebuttal testimony where the prosecutor "secured" the testimony during his cross-examination of defendant. We agree.

Rebuttal testimony may be used to contradict, repel, explain, or disprove evidence presented by the other party in an attempt to weaken and impeach it. *People v Kelly,* 423 Mich 261, 281; 378 NW2d 365 (1985). The test for error regarding rebuttal evidence is whether it is justified by the evidence it is offered to rebut. *People v Bettistea,* 173 Mich App 106, 126; 434 NW2d 138 (1988). A prosecutor cannot elicit a denial during the cross-examination of a defense witness and use such denial to inject a new issue into the case. *People v Sutherland,* 149 Mich App 161, 164; 385 NW2d 637 (1985). Cross-examination cannot be used to revive a right to introduce evidence that could have been, but was not, introduced in the prosecutor's case in chief. *Id.*

The prosecutor stated before trial that he did not intend to introduce any evidence of similar bad acts in his case in chief. Thus, the question is whether defendant introduced testimony in his case that was the proper subject of rebuttal. We conclude that defendant did not and that the rebuttal testimony was improperly admitted.

On direct examination, defendant denied any improper touching of the three complainants, but testified that occasionally he would squeeze the shoulders or necks of the complainants and other students when praising them. The prosecutor then

elicited a general denial from defendant on cross-examination that he did not know "how bras got undone" in his class.

The prosecutor offered the rebuttal testimony on two grounds: (1) as evidence contrary to defendant's statements that he knew nothing about bras, had not touched students on the skin, and had not unhooked any bras, and (2) as evidence of lack of mistake or accident pursuant to MRE 404(b).

Our review of the record reveals that the prosecution elicited a denial on cross-examination to enable it to introduce highly prejudicial evidence of similar, but uncharged, wrongful conduct on rebuttal. We are convinced that the prosecution was aware of the alleged violation of the discovery order which could prevent the introduction of the testimony in its case in chief. The defendant's denial of improprieties was an improper basis for the rebuttal testimony. *People v Hernandez*, 423 Mich 340, 352; 377 NW2d 729 (1985). Defendant did not testify that he had not touched students on the skin, but, rather, that touching on the shoulders may have occurred. Furthermore, defendant did not deny unhooking bras, but, rather, denied committing the alleged offenses. The rebuttal testimony did not disprove the exact testimony of defendant, except insofar as it tended to disprove the denial proferred during the improper cross-examination.

Defendant did not raise the issues of lack of mistake or accident, and rebuttal testimony on that ground was improper. Although defendant testified regarding touching students on various innocuous areas, defendant did not testify that improper touching occurred by, for example, a slip of the hand. Rather, defendant denied any sexual

touching. See *People v Major,* 407 Mich 394, 400; 285 NW2d 660 (1979).

The rebuttal testimony was highly prejudicial by its implication that defendant may have acted in conformity with the uncharged crimes. This was a closely contested credibility contest in which the defendant denied any wrongdoing. On the whole record before us, we cannot say that the cross-examination of the defendant and the introduction of rebuttal testimony was harmless beyond a reasonable doubt. *People v Winchell,* 171 Mich App 662, 665; 430 NW2d 812 (1988). A reasonable juror may have voted to acquit defendant of all charges but for the rebuttal testimony. *People v Stubl,* 149 Mich App 42, 46-47; 385 NW2d 719 (1986).

II

Defendant next asserts that the trial court erred in instructing the jury sua sponte with regard to attempted CSC 2D over defendant's objection. Specifically, defendant argues that the charging document did not provide defendant with "fair notice" to enable him to defend against the attempt charge because attempt is a specific-intent crime. We disagree.

A judge has the discretion, without request, to instruct on attempt. *People v Adams,* 416 Mich 53, 60; 330 NW2d 634 (1982). When the evidence indicates that only an attempt was committed, an instruction on attempt may be given. *People v Weatherspoon,* 171 Mich App 549, 555; 431 NW2d 75 (1988). Here, the first complainant testified that defendant may have only touched her just above her breast, at the top of her bra cup, before she pulled away and left. Accordingly, the evidence supported an instruction on attempt.

We reject defendant's argument that attempt is

so dissimilar to the charged offense of CSC 2D that there was insufficient notice of having to defend against it. Although CSC 2D is a general-intent crime, *People v Brewer,* 101 Mich App 194, 195; 300 NW2d 491 (1980), and attempt is a specific-intent crime, *People v Langworthy,* 416 Mich 630, 644; 331 NW2d 171 (1982), in this case the differing intent is a distinction without a difference.

Defendant was charged with engaging in sexual contact with a person under thirteen years of age. MCL 750.520c(1)(a); MSA 28.788(3)(1)(a). According to MCL 750.520a(k); MSA 28.788(1)(k), "sexual contact" includes

> the *intentional* touching of the victim's or actor's intimate parts or the *intentional* touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification.

To be guilty of attempted CSC 2D, the defendant must have intended to commit CSC 2D. Therefore, defendant must have intended to touch the victim's intimate parts or the clothing covering the victim's intimate parts. CJI2d 9.1 Thus, the proofs required for both CSC 2D and attempted CSC 2D are substantially the same. The charging document gave defendant fair notice to defend against the crime of attempted CSC 2D.

III

Having determined that defendant is entitled to a new trial on the charge of attempted second-degree criminal sexual conduct, we will only briefly address his remaining issue which may be relevant to the proceedings on remand.

Defendant claims that the prosecutor's violation

of a discovery order and failure to provide exculpatory evidence constitutes prosecutorial misconduct which requires dismissal of the charges. We agree that the prosecutor's actions in this case, as a whole, came close to the level of misconduct. However, we do not find that defendant was deprived of a fair trial, because the information was provided to defendant, albeit only three days before trial.

A

Defendant claims that the prosecutor interfered with his attempts to interview certain school officials and the complainants and also failed to make these witnesses available to him. While the record reveals that defendant may have been unsuccessful in contacting school officials because of the policy of the school board, additional evidence reveals that before declining defendant's request the school officials indicated that they "had to talk to someone first." While there is no clear indication in the record that the prosecutor directed the complainants not to speak with defendant, they too indicated that they had to "ask someone first." In light of the fact that none of the witnesses specifically testified that they were instructed by the prosecutor not to talk to defense counsel, we conclude that the trial court did not abuse its discretion in ruling that there was no prosecutorial interference.

B

Defendant also maintains that the failure of the prosecutor to turn over certain drawings made at school by the complainants constituted prosecutorial misconduct. However, the record reveals that

the original prosecutor informed defense counsel that the school board deemed their investigatory material confidential. The prosecutor's office is not required to undertake discovery on behalf of a defendant. *People v McWhorter,* 150 Mich App 826, 832; 389 NW2d 499 (1986).

The case was assigned to a new prosecutor two weeks before trial. A week before trial, the new prosecutor received materials from the school board and produced them for defendant three days later. Defendant had several days to review the documents before cross-examining the complainants. We cannot conclude that the prosecutor's actions amounted to prosecutorial misconduct.

C

Next, defendant objects to the failure of the prosecution and police to take notes at meetings with potential witnesses. Defendant also argues that the discarding of notes by a police officer denied him a fair trial. However, we note that the notes were summarized and typed in the form of an investigation report which was provided to defendant. Additionally, defendant fails to establish that the notes were exculpatory in nature and fails to make a showing of bad faith on the part of the police. *Arizona v Youngblood,* 488 US 51, 58; 109 S Ct 333; 102 L Ed 2d 281 (1988); *People v Leigh,* 182 Mich App 96, 98; 451 NW2d 512 (1989).

D

Defendant argues that the prosecution withheld exculpatory information regarding statements made by two of the students who testified, in violation of the rule announced in *Brady v Maryland,* 373 US 83, 87; 83 S Ct 1194; 10 L Ed 2d 215

(1963). The testimony of the witnesses related only to statements by the second and third complainants, and defendant was acquitted of charges involving them. The error, if any, was harmless beyond a reasonable doubt. MCR 2.613.

E

Lastly, defendant argues that the prosecution violated the discovery order by failing to disclose MRE 404(b) evidence presented on rebuttal. The discovery order only required the prosecution to inform the defense of any witnesses who would present testimony under MRE 404(b), and the prosecutor stated that he did not intend to present such evidence in his case in chief. However, the prosecution presented rule 404(b) evidence in rebuttal. The result was that the prosecutor was able to introduce evidence in rebuttal which arguably was inadmissible in the case in chief because of the violation of the discovery order. While we will not speculate on the prosecutor's motives in this case, we direct that upon retrial the prosecution is to comply with the discovery order in its entirety. *Brady, supra* at 87; *In re Bay Prosecutor,* 109 Mich App 476; 311 NW2d 399 (1981). We are not making a finding regarding the admissibility of any evidence under MRE 404(b).

IV

Defendant's conviction is reversed, and the case is remanded for a new trial on the charge of attempted CSC 2D only, because the conviction of the lesser included offense implicitly acquitted the defendant of the greater offense. *People v Phil Clark,* 172 Mich App 1, 4; 432 NW2d 173 (1988). If there is a retrial, the offense of CSC 2D cannot be included in the charge. *Id.*

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.