PEOPLE v RHINEHARDT

Docket No. 131615. Submitted April 15, 1993, at Grand Rapids. Decided July 20, 1993, at 9:00 A.M.

Johnny Rhinehardt was convicted by a jury in the Macomb Circuit Court, George R. Deneweth, J., of assault and assault with intent to do great bodily harm less than murder. He appealed, alleging that the court erred in allowing the prosecution to introduce a rebuttal witness after both parties had rested and completed their closing arguments.

The Court of Appeals *held:*

The trial court erred in allowing the prosecution to introduce the rebuttal witness. Such an error is so offensive to the maintenance of a sound judicial process that it can never be regarded as harmless.

Reversed and remanded.

MURPHY, J., concurring in the result, stated that the determination whether an error such as this warrants reversal should be made on the basis of the facts of each particular case. Because it cannot be concluded that the error in this case was harmless beyond a reasonable doubt, the court abused its discretion in permitting the admission of the evidence.

CRIMINAL LAW — TRIAL — WITNESSES — ERROR REQUIRING REVERSAL.

It is error for a trial court to permit the prosecution to introduce a rebuttal witness after the parties have rested and completed their closing arguments; such an error is so offensive to the maintenance of a sound judicial process that it can never be regarded as harmless.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Carl J. Marlinga,* Prosecuting Attorney, *Robert J. Berlin,* Chief Appellate Lawyer, and *Laura M. Zawisa,* Assistant Prosecuting Attorney, for the people.

REFERENCES

Am Jur 2d, Appeal and Error §§ 517, 798, 808; Trial §§ 368, 369, 379.

See ALR Index under Appeal and Error.

*Ronald E. Kaplovitz,* for the defendant on appeal.

Before: NEFF, P.J., and McDONALD and MURPHY, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and assault, MCL 750.81; MSA 28.276. Defendant appeals as of right. We reverse and remand.

Defendant claims that reversal is required because the prosecutor intentionally violated his right to a fair trial by introducing a rebuttal witness after both parties had rested and completed their closing arguments. We agree. Such an error is so offensive to the maintenance of a sound judicial process that it can never be regarded as harmless. *People v Robinson,* 386 Mich 551, 563; 194 NW2d 709 (1972). We therefore reverse defendant's convictions and remand this case to the trial court for further proceedings.

In light of our resolution of this case, we need not address defendant's remaining arguments.

Reversed and remanded. We do not retain jurisdiction.

MURPHY, J. *(concurring).* I concur in the result reached by the majority opinion reversing defendant's convictions and remanding for further proceedings. However, I disagree with the view expressed by the majority that the trial court's error could never be regarded as harmless. Permitting the prosecution to call a witness after both parties had rested and completed closing arguments was highly unusual and inappropriate, to say the least. I would decline to establish a bright-line test that

such an error can never be regarded as harmless and would instead conclude that the determination whether an error such as this warrants reversal should be made on the basis of the facts of each particular case. In this case, the testimony of the witness related to the circumstances of the charged offense that belonged in the prosecution's case in chief, and was therefore improper rebuttal. See *People v Leo,* 188 Mich App 417, 422; 470 NW2d 423 (1991). Because I would not conclude that this error was harmless beyond a reasonable doubt, I would hold that the trial court abused its discretion in permitting the admission of this evidence. *Id.,* 424.